Walser *v.* Kerrigan.

———————

## WALSER *v.* KERRIGAN.

SUPREME COURT.—*New Trial.*—*Evidence.*—Where the evidence given on the trial of a cause is not in the record, on appeal to the Supreme Court, no question raised by the motion for a new trial, in relation to the sufficiency, admission or exclusion of evidence, is presented for decision.

LIQUOR LAW.—*Act of 1873.*—*Action by Wife.*—In an action by a wife, under the act of February 27th, 1873, (Acts 1873, p. 151,) regulating the sale of intoxicating liquors, to recover damages for injury suffered by her in her person, property or means of support, resulting from the intoxication of her husband, alleged to have been caused by the defendant, by selling him intoxicating liquors, the complaint need not aver the kind of intoxicating liquor so sold, nor that the defendant had no license, nor that such liquor was sold on his premises, nor that the husband was intoxicated, or in the habit of becoming so, at the time of such sale.

SAME.—*Statute Construed.*—*Sections 8 and 12.*—The provisions of section 8 of such act, declaring that "Any person or persons who shall by the sale of intoxicating liquor, with or without permit, cause the intoxication," etc., applies to sales made actionable by section 12.

From the Dearborn Circuit Court.

*H. D. McMullen* and *J. Schwartz,* for appellant.

*A. R. Bruce*, *F. Adkinson* and *G. M. Roberts*, for appellee.

PERKINS, C. J.—The appellee, Hannah Kerrigan, sued the appellant for damages she sustained through the drunkenness of her husband, alleged to have been caused by the sale to him of liquor by the appellant.

Demurrer to the complaint overruled, and exception taken.

Answer, the general denial.

Trial; finding and judgment for appellee for fifty dollars.

The errors assigned in this court are:

1st. Overruling the demurrer to the complaint.

2d. Overruling the motion for a new trial.

We copy the motion for a new trial.

"Now comes the defendant and moves the court for a new trial of said cause, for the following reasons, viz.:

"1. Because the verdict of the jury is not sustained by sufficient evidence.

"2. Because the verdict of the jury is contrary to law.

"3. Because of error of law occurring at the trial of the cause, to which the defendant at the time excepted, in this, to wit:

"*A.* The court, over the objections of the defendant, and the grounds of objections pointed out to the court, by the defendant, at the time, erroneously permitted the plaintiff, while testifying on her own behalf, to testify to the ill treatment, by Austin Kerrigan, the husband of the plaintiff, of their little daughter, Mary Kerrigan.

"*C.* The court, over the objections of the defendant, and the grounds of objection pointed out to the court, by the defendant, at the time, erroneously permitted the plaintiff, while testifying on her own behalf, to testify to what the husband of the plaintiff, Austin Kerrigan, said to their daughter, Mary Kerrigan, while ill-treating her, about killing her for telling the plaintiff where he got his liquor."

There is no bill of exceptions in the record. We can not say, therefore, that the court erred in overruling the motion for a new trial. The evidence not being in the record, we can not say it did not sustain the verdict. As to the action of the court, assumed, in the motion for a new trial, to have occurred on the trial, in the admission of testimony, in the absence of a bill of exceptions, showing that such action did occur, we can not act upon that assumption of counsel. The court has not admitted, in a bill of exceptions signed by it, that the assumption is true; and it may have overruled the motion for the reason that the assumption was false.

The written motion for a new trial is a part of the record which the Supreme Court is bound to notice. But the truth of the statements made in such motion must appear otherwise than by the simple allegations in the motion itself.

The only question remaining relates to the sufficiency of the complaint.

It avers that the appellee, who was the plaintiff below, is a married woman, the wife of Austin Kerrigan; that the said parties have children; that they all reside in Dearborn county, Indiana, etc., are dependent on said Austin for support, etc. "And she, the plaintiff, avers and charges, that, on the said 1st day of July, 1874, and on each and every day thereafter, until the bringing of this action, said defendant did sell, barter and give away to her said husband intoxicating liquors, and that her said husband drank said liquors, so sold and given to him by said defendant, and thereby became drunk and intoxicated; and that thereby the said defendant caused the intoxication of her said husband, who thereby, and in consequence of such intoxication, became violent and abusive to this plaintiff, and scolded and cursed, and swore at this plaintiff, and threatened to kill and murder her, and put her in fear of her life, and there and then, while so intoxicated, and in consequence of such intoxication, did beat, bruise

and wound this plaintiff, and did beat, bruise, wound and maltreat the children of the plaintiff, who were, at the time, sick, and of whom this plaintiff then had the whole care and attention, so that their sickness was greatly aggravated, and the care and labor of the plaintiff in taking care of and nursing said children were greatly increased, so that the health of the plaintiff was greatly affected and impaired. And she further says, that her said husband, while so intoxicated and in consequence thereof, broke up and destroyed all the household and kitchen furniture, bed clothing, etc., aforesaid, and tore up and destroyed the clothing of the plaintiff and her children; and, also, that for and during the space of six months next ensuing after said 1st day of July, 1874, her said husband, being all the time so intoxicated from the use of said intoxicating liquors, so purchased of said defendant as aforesaid, in consequence of such intoxication, did wholly neglect and refuse to work and labor, to the damage of this plaintiff two dollars for each day during all of said time, and, in consequence thereof, this plaintiff's house was broken up and destroyed, and she was compelled to labor beyond her physical strength for the support of herself, her said husband and children, whereby her health has been permanently injured; and by reason of all the foregoing premises, she says, she has been injured by the said defendant, in her health, peace of mind and bodily comfort, means of support and in her person, in the sum of five thousand dollars."

The objections made to the complaint, by the appellant, are:

1. It does not state the kind of liquor sold;

2. It does not allege that the defendant had no permit to sell;

3. It does not show that the liquor was sold on the premises; and,

4. It does not show that the husband was intoxicated

when the liquor was sold to him, or that he was in the habit of getting intoxicated.

As to most of these objections, the statute itself disposes of them. Section 18 declares, that, in criminal prosecutions, it "shall not be necessary to state the kind of liquor sold, or to describe the place where sold," and we think the averment is not necessary in a civil suit; and section 8 declares, that "any person or persons who shall by the sale of intoxicating liquor, with or without permit, cause," etc. That these provisions apply to sales under section 12, is shown by the reference in section 12 to section 8. It commences: "In addition to the remedy and right of action provided for in section 8," etc., "every husband, wife," etc., shall have a right of action. The statutory prohibition is not restricted to sales to intoxicated persons, but it extends to the selling to any person of intoxicating liquor which causes or contributes to intoxication, which occasions loss or damage to his family.

It is for injury, not the sale of the liquor, that the suit lies.

The judgment is affirmed, with costs.