O'Donnell *v.* O'Donnell.

as our own rule was that of Massachusetts. Met. Dig. 90 Chancery. Rule 7. *Bill dismissed from the law docket.*

CUTTING, WALTON, DICKERSON, BARROWS, and DANFORTH, JJ., concurred.

*J. & E. M. Rand,* for the complainants.

*P. Barnes* and *Howard & Cleaves,* for the respondents.

---

### HENRY O'DONNELL *vs.* DOMINIC O'DONNELL.

One son cannot recover in assumpsit against another, his distributive share of money left by their father at the time of his decease in the possession of their mother, and by her delivered to the defendant, who appropriated it to his own use.

ON EXCEPTIONS to the ruling of *Goddard,* J., of the superior court for this county, who tried the case without the intervention of a jury, but whose ruling in matters of law was subject to exceptions.

ASSUMPSIT for money had and received. The plaintiff claimed to recover $1100 wages and prize-money as seaman of the United States steamer De Soto, alleged to have been received by the defendant in May, 1864. The judge found the facts against the plaintiff. The plaintiff also claims to recover for savings intrusted to the defendant, which was found against the plaintiff on the facts.

It appeared that the plaintiff and defendant are brothers; that their father died in December, 1856, having left $450 in gold in possession of their mother; that she kept it until November, 1860, when she delivered it to the defendant who converted it into

currency and then paid the currency toward a homestead; that the parties have a sister living.

The judge ruled, as matter of law, that the action was not maintainable upon the foregoing facts. And the plaintiff alleged exceptions.

*Deane & B. D. Verrill*, for the plaintiff, cited *Gray* v. *Farmer*, 55 Maine, 487; *Hearne* v. *Hearne*, 55 Maine, 445; *Frye* v. *Southard*, 54 Maine, 147; *Hall* v. *Marston*, 17 Mass. 576; 2 Greenl. on Ev. §§ 117, 120, 121.

*I. W. Parker*, for the defendant.

APPLETON, C. J. The plaintiff and defendant are brothers. Their mother is still living. Their father died some years ago, leaving four hundred and fifty dollars in gold in their mother's hands. This she gave to the defendant, who appropriated it to his own use, without taking out letters of administration.

The plaintiff seeks to recover in this suit his distributive share of his father's estate. The action is not maintainable.

The defendant, if he has sold or embezzled any of the goods or effects of his father " before taking out letters testamentary or of administration thereon, and giving bond accordingly," is " liable to the actions of the creditors and other persons aggrieved, as an executor in his own wrong, and also to the rightful executor or administrator for the full value of the goods or effects of the deceased taken by him, and for all damages caused by his acts to said estate," &c. R. S. 1857, c. 64, § 32. He may likewise be cited to appear before the judge of probate upon complaint of any executor, administrator, heir, legatee, creditor, or person interested in the estate, to be examined on oath in relation thereto. § 55. By the Act of 1859, c. 113, "if one conceals, embezzles, or carries away" any of the money, goods, or effects of the deceased, or aids others in so doing, he may be cited before the probate court, and be imprisoned if he refuses to appear or submit to examination. He is at the same time made liable to any injured party, in an action of the case, for all the damage, expenses, and charges arising from such refusal.

If the plaintiff, without taking out letters of administration, were to divide with the defendant the goods and effects wrongfully embezzled by the defendant, he would be an executor in his own wrong, and subject to all the liabilities of such wrongful executorship.   He brings this suit to place himself in that position.   The court cannot aid him in such attempt.   The plaintiff, if he wishes to have the estate of his father administered upon in due course of law, must take out letters of administration, if his mother declines taking upon herself that trust.   If the plaintiff were to recover, the judgment would be no bar to an action by the creditor, or by the executor or administrator.

There are other causes of action set forth in the plaintiff's writ, but the presiding judge negatived their existence, and his conclusions as to matters of fact are not the subject of exceptions.

*Exceptions overruled.*

CUTTING, WALTON, DICKERSON, BARROWS, and DANFORTH, JJ., concurred.