15   343
d17a 189

## HALL v. COWLES' ESTATE.

1. DESCENT AND DISTRIBUTION — RIGHTS OF HEIRS.— A granddaughter who, in the right of her deceased mother, sets up a claim against an alleged trustee of personal property belonging to her grandfather's estate, cannot maintain the action when it appears that by reason of a will, whose terms are not shown, no interest in the estate came to her mother until the death of testator's wife. The fact that a will

existed negatives any right to claim for the mother under the statute of descents and distributions.

2. RIGHT OF ACTION FOR RECOVERY OF AN UNDISTRIBUTED ESTATE.— A daughter has no legal capacity, merely as a distributee of her mother's estate, to maintain a suit against one alleged to have obtained possession of personal property belonging to the mother in her life-time and as her trustee. The right of action in such case is in the personal representative.

*Appeal from District Court of Custer County.*

THIS proceeding was started in the county court of Custer county by the filing of a claim against the estate of William Cowles, of which the following is a copy:

"The estate of William Cowles, deceased, to Helen S. Durand Hall, daughter of Henry S. and Caroline B. Durand, and granddaughter of Roswell Cowles, formerly of Meriden, Connecticut, now deceased, debtor. For my one-third portion of the trust funds belonging to my mother, the said Caroline B. Durand, now deceased, that the said William Cowles, as administrator of the estate of Roswell Cowles, deceased, the father of my said mother, received into his hands in the year 1863, and has never paid over or accounted for same, or any part thereof, or rendered any account thereof, to the court of probate in and for said town of Meriden, New Haven county, state of Connecticut, my said mother being heir at law of said Roswell Cowles, and entitled to one-fourth part of his said estate, which amounted to exceeding the sum of $12,000, after all debts and expenses were paid; the portion belonging to my mother, Caroline B. Durand, being $3,000, of which I am entitled to one-third, or $1,000, with twenty-four years' interest, at seven per cent., $1,670; total claim, $2,670. HELEN S. HALL."

The claim was disallowed, and from this order an appeal was taken to the district court, where the case was tried and judgment again given against the claimant. The evidence in support of the claimant's account was found principally in two depositions — one of the father of the claimant, Helen S. Hall, and the other of Emily F. Bell.

From the evidence it appears that Roswell Cowles, who formerly lived in Meriden, Conn., died in July, 1848, leaving an estate and a will disposing of it, by which instrument James S. Brooks was appointed executor. The executor Brooks died in 1862, and Mrs. Cowles, the widow of Roswell, died in 1865. The proof as to the disposition of the estate stops with the showing of the existence of an estate, a will and an executor. No evidence was offered as to the terms of the will or the disposition of the property, other than general statements that the property was managed by the executor during his life-time. It was shown that Roswell Cowles died, leaving sundry children, and that Caroline B. Durand, the mother of Helen, the claimant, was one of these children. Whether by the will which Roswell Cowles executed the widow took the entire estate, or whether the children were the residuary legatees, and, if so, in what proportion they took, nowhere appears. The witnesses whose depositions were taken state that William Cowles "was the last trustee;" and he is characterized by general statement as the "trustee of the estate of Roswell Cowles, deceased." There is no evidence otherwise of his being a trustee responsible to the claimant or to the heirs of the estate of Roswell Cowles. He is not shown to have been appointed by the order of any court, by any will, nor by any convention between him and any of the parties in interest. Caroline B. subsequently intermarried with Henry S. Durand, and died, leaving three children. The place of her residence at the date of her death is not shown, nor does it appear whether she died intestate or left a will. In the course of the testimony there were produced two notes, dated October 19, 1868, running to the order of Caroline, and signed by William Cowles. Some testimony was introduced which tended to show that these notes were given to represent Caroline's interest in the estate of her father, Roswell; that they were not executed in liquidation of the claim, but were holden simply as evidence of the extent of her right. The evidence does not show the amount of Ros-

well's estate which came into William's hands, nor its value, except as it may be said to be presumptively established by the terms of the notes produced. Judgment was rendered in the district court affirming the order of the county court disallowing the claim, from which the claimant appeals.

Messrs. EDWIN WHITE MOORE, M. M. KELLOGG and D. F. URMY, for appellant.

Mr. JOHN R. SMITH, for appellee.

BISSELL, C. The validity of a claim against the estate of a decedent is not necessarily determined by its antiquity; but, when the ancestor permits a period exceeding thrice the statute of limitations to go by without attempt at legal enforcement, the heir should be held to strict proof of whatever may be necessary to take the case out of the operation of the statute, and of what may be essential to a recovery. According to the record this claim, if it ever had an existence as against the estate of Roswell Cowles, became enforceable in February, 1865, upon the death of the widow. At that date the heirs at law of Roswell succeeded to the entire inheritance, if it were undisposed of by will. It is shown, however, by such proof as is deemed sufficient to establish the debt, that Roswell disposed of the estate by will, and that by reason of the provisions of that document the estate remained undisturbed from 1848 to 1868, three years after the demise of the widow. While not accurately proven, it seems to be conceded that, and because of the will, Caroline B. Durand, the ancestor, succeeded to no right in the estate until after her mother's death. Such being the case, and it being conceded that there was a will disposing of Roswell Cowles' estate, it was important, and even absolutely indispensable, to show what that will was in order to derive any claim by inheritance through the immediate heir, the mother of the present claimant. When the existence of a will disposing of the estate is once conceded, no heir can establish any rights by inheritance on

simple proof of descent. Under such circumstances the statutes of descent and distribution do not become operative. It is thus evident that Caroline B. Durand might be the daughter of Roswell Cowles, and live and die without ever having acquired any right to share in his estate. No proof was offered on this subject, and the claimant, Helen S. Hall, failed to establish her distributive right to any share in Roswell Cowles' estate through the right of her mother. There was a like failure to establish the liability of William Cowles or of his estate. He was an heir of Roswell, and the brother of Caroline B. According to the testimony he came into possession of some money, and of some stocks of undetermined value. But there was a failure of proof as to two important questions: Was this property a part of Roswell Cowles' estate? and did he receive it as trustee, so as to come within any rule depriving him of the benefit of a plea of the statute of limitations? There is a strong presumption arising from the testimony that William, on the death of the original executor, Brooks, succeeded to the control of some part of his father's estate; but it lacks the certainty essential to the enforcement of so ancient a claim. It was indispensable to show with certainty that he got money which was a part of the estate, and to prove the amount of it. Neither was established by sufficient or satisfactory proof. The failure to establish the capacity in which William took what he may have gotten is equally apparent. Without deciding whether a trustee is forbidden to insist on the plea of the statute, it is enough in this case to hold that the claimant failed to prove that William Cowles occupied any such position. If he received any part of his father's estate, it is not shown where, how, or from whom he got it. It may have come into his hands by loan, or from third parties, to whom alone he would be answerable. The absence of evidence establishing the existence of the relation of trustee and *cestui que trust* would forbid the application of the rule contended for.

If the mother, Caroline B., living, had an enforceable

claim against William or his estate, the right, or any portion of it, did not descend to the heir at law, Helen S. Hall. Upon the death of the mother, whatever of property right she may have had in it went to her legal representative, whoever that might be; and only in his right of representative could he sue for and collect it. It may be true, according to the evidence, that under the laws of Wisconsin the children inherit from the mother, to the exclusion of the husband and father. It did not appear either that the mother lived and died in Wisconsin, or that the general rule of law which vests the right to all personal property in the representative was varied by statute in that state. The inheritance could only be available through an appeal to the statutes of descent and distribution. The administrator or the executor could alone present or enforce this claim. The present proceeding is an attempt to collect an undistributed share of an undivided portion of an unsettled estate. No authority for such an unusual proceeding was cited or referred to. Unless compelled by well-recognized adjudications, no such rule will be followed or declared. These considerations must control the judgment in this case. The claimant is without the legal capacity essential to the maintenance of the action; and, whatever may have been the rights of Caroline B. Durand in her father's estate, they were not established with sufficient certainty to permit a recovery, even though it were conceded that the daughter had the right to prosecute the claim. The judgment should be affirmed.

RICHMOND and REED, CC., concurring.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment below is affirmed.

*Affirmed.*