WM. E. GREEN v. M. M. PEESO, Appellant.

Principal and Agent. An agent to sell land held it at from twelve hundred dollars to fourteen hundred dollars, and was offered one thousand dollars for it. He represented to his principal, a nonresident who had no other means of knowing, that he could get no offer and that the land would not bring more than eight hundred dollars. By his representation he obtained deed, and crops worth one hundred and twenty dollars. *Held*, sale was properly set aside. *Collar v. Ford*, 45 Iowa, 331, distinguished.

*Appeal from Clay District Court.*—HON. LOT THOMAS, Judge.

SATURDAY, OCTOBER 20, 1894.

SUIT in equity to set aside a conveyance of land for fraud. Decree for plaintiff, and defendant appeals. *Affirmed.*

*Cory & Bemis* for appellant.

*Steele & Martin* for appellee.

DEEMER, J.—Plaintiff, in his petition, alleges, in substance, that August 13, 1890, he was the owner of the south half of the northeast quarter of section 35, township 95, range 38 west, containing eighty acres, and on that day conveyed the same by warranty deed for the consideration of eight hundred dollars; three hundred dollars of which he received in cash, and the remainder in the assumption, by defendant, of a mortgage for five hundred dollars upon the premises; that plaintiff at the time of, and for a number of years prior to, the purchase, was a resident of the territory of Idaho; that during the years 1889 and 1890, defendant, who lived in Clay county, was plaintiff's agent for the purpose of renting the land, paying taxes and otherwise looking after it for the plaintiff, and during the years 1883 to 1890, inclusive, was plaintiff's agent for the sale of said land at the best price obtainable; that defendant was to submit to plaintiff for his approval any and all reasonable offers made for the premises by persons contemplating their purchase; that defendant, prior to his purchase, was offered one thousand, two hundred dollars for the land, but that he fraudulently failed and neglected to report the same to plaintiff, in order that he might himself become the purchaser, at a price much less than the value of the land;

that at the time of the sale of the land to the defend-
ant, it was worth the sum of one thousand, six hundred
dollars, but that plaintiff, being a nonresident of the
state, did not know of its value, except as represented
to him by the defendant; that, shortly prior to the sale
to defendant, defendant wrote plaintiff that he was
unable to obtain any offers for the land, and could find
no buyers at any price in excess of eight hundred
dollars, and that he then and there offered plaintiff
that amount for the land, provided plaintiff would also
transfer to him his interest in the crops then growing
upon the land, amounting, as is alleged, to the sum of
one hundred and fifty dollars, and falsely and fraudu-
lently represented that the lands and plaintiff's interest
in the crops were worth not more than eight hundred
dollars; that, relying upon these statements, plaintiff
conveyed the land to the defendant, and executed the
deed of conveyance before referred to; that, upon dis-
covery of the fraud practiced upon him, plaintiff
rescinded the contract of sale, and tendered back the
purchase money received, and asked a reconveyance of
the property, which the defendant refused.     Plaintiff
also asked judgment for the sum of three hundred and
twenty-five dollars for the use and occupation of the
lands during the years 1891 and 1892.     The defendant,
in his answer, admits that he received a deed of con-
veyance for the land for the consideration of eight
hundred dollars, and admits that he was plaintiff's
agent, as is alleged in the petition, for the leasing and
sale of the land, and denies each and every other allega-
tion of the petition.     By the decree of the district
court, the conveyance from plaintiff to defendant was
canceled and set aside, and the rents and profits were
set off against the interest on the mortgage indebted-
ness paid by the defendant, and the taxes assessed
against the land, and plaintiff was ordered to return

to defendant the three hundred dollars received from him. From this decree the defendant appeals.

The defendant having admitted his agency for the sale of the land during the years 1883 to 1890, inclusive, the only question for solution is, was the sale of the land to him, under the circumstances, fraudulent. The evidence shows that the land was worth from one thousand, two hundred dollars to one thousand, five hundred dollars at the time of the sale to the defendant; and plaintiff's interest in the crops then growing upon the land was worth about one hundred and twenty dollars. Defendant paid for both, eight hundred dollars. There is not such inadequacy of price as in itself to indicate fraud, and the fraud, if any, must be predicated upon some other fact in the case. Kerr, Fraud & M. 188. This circumstance is to be found, we think, in the evidence, which shows that, before defendant's purchase of the land, he had been offered, as agent for the plaintiff, one thousand dollars for the land, without crops, and that he withheld information as to the value of the land, and the prospective purchasers thereof, which he was in good faith required to communicate to the plaintiff, by reason of the relation of principal and agent between them. Plaintiff was a nonresident of the state, and had no other agent than defendant upon whom to rely for information as to the value of the land, and to assist him in disposing of it. Several prospective purchasers of the property inquired of the defendant as to its value, and he at no time stated it could be bought for less than one thousand, two hundred dollars. At the request of inquirers for the land, he promised to write plaintiff to find out what the property could be bought for, but never did so. While asking from one thousand, two hundred dollars, to one thousand, four hundred dollars for the land of those who inquired for its price, and after having received, as we think the testimony shows, an

offer of one thousand dollars, he wrote to plaintiff, offering to give eight hundred dollars for it, and represented that he could find no buyers. Plaintiff, in answer to the letter, accepted the proposition, upon the condition that the amount offered was all the land was worth. The fact is not overlooked that defendant denies that any offer was made him for the land, and that he strenuously denies any fraud in the transaction; but we think the preponderance of the testimony establishes the facts as we have stated them.

Upon such a state of facts, it is clear that the sale should be set aside. While it is true that an agent for the sale of property may, with his principal's consent, purchase the subject-matter of the agency, where the facts are fully disclosed, and the agent acts in good faith, taking no advantage of his situation, yet a court of equity, on grounds of public policy, will, nevertheless, subject the sale to the severest scrutiny. "Its purpose will be to see that the agent, by reason of the confidence reposed in him, secures no advantage from the contract." "When the transaction is seasonably challenged, a presumption of invalidity arises, and the agent then assumes the burden of making it affirmatively appear that he dealt fairly, and in the strictest of faith imparted to his principal all the information concerning the property, possessed by him. The confidential relation and the transaction having been shown, the *onus* is upon the agent to show that the bargain was fair and equitable; that he gave all the advice in his knowledge pertaining to the subject of the sale and the value of the property; and that there was no suppression or concealment which might have influenced the conduct of the principal." Mechem, Ag., section 466; *Rochester v. Levering*, 4 N. E. Rep. (Ind. Sup.) 203; *Cook v. Woolen Mill Co.*, 43 Wis. 433; *Moore v. Mandlebaum*, 8 Mich. 433; 2 Pom. Eq. Jur., section 959; *Savage v. Savage*, 8 Pac. Rep. (Ore.)

754. The cases of *Savage v. Savage* and *Rochester v. Levering, supra,* are well considered, and state the rule very clearly. In *Ingle v. Hartman,* 37 Iowa, 274, it is said, in speaking of purchases of land by the agent from the principal, which the agent was authorized to sell: "And when he proposed himself to become the purchaser, and thus to place himself in a position in which his judgment might be biased by his interest, it became incumbent upon him to furnish exact and truthful information as to everything affecting the value of the land." The case of *Collar. v. Ford,* 45 Iowa, 331, is not in conflict with the rule here announced. In that case, while defendant was plaintiff's agent, yet he was simply employed to ascertain and report the amount necessary to redeem the land sold from tax sale. He had no authority to act as agent in the sale of the land, and was under no obligation to report as to the value of the land, or to procure a purchaser for it. The defendant in that case did nothing to deceive, and omitted nothing which, of right, he ought to have done; and while some of the language in the opinion is broad enough to cover the principle involved in this case, and sustain the conveyance, yet, when applied to the the facts of that particular case, the rule adopted is not in conflict with the one here announced. The decree of the district court is right, and will be AFFIRMED.