## MARY C. L. FISHER v. GEORGE W. LEE, Appellant.

**Principal and Agent:** DUTY IN DEALING. Plaintiff employed defendant to sell her farm on commission. Defendant submitted to plaintiff a proposition by one P. to pay twenty dollars per acre for the tract, but did not disclose facts showing a probability that P. would pay more than that sum. Plaintiff then contracted to sell to defendant for twenty dollars per acre, and defendant afterward contracted to sell the land to P. at twenty-two dollars and fifty cents per acre. Plaintiff did not understand that she was dealing with defendant as a purchaser, when she made the subsequent contract with him, but thought it was merely to aid a sale. The contract between defendant and P. was subsequently rescinded. *Held,* that plaintiff was entitled to a cancellation of the contract of sale, and to the possession of the land, and to an accounting for the rents and profits.

*Cross Appeals from Hamilton District Court.*—HON. D. R. HINDMAN, Judge.

MONDAY, MAY 20, 1895.

Plaintiff prosecutes this action in equity to cancel a certain contract in writing for the sale and conveyance of three hundred and nineteen acres of land described. Issues were joined as will hereafter appear. Judgment was rendered in favor of the plaintiff for four thousand five hundred and ninety-one dollars and ninety-seven cents, with interest, and a decree declaring the same to be a prior lien upon the land, and

for special execution; also decreeing that plaintiff convey said land to the defendant by warranty deed, excepting from the operation of the covenants a mortgage for two thousand five hundred dollars, with interest and all accrued taxes. Both parties appeal, defendant being designated in the record as appellant.— *Modified.*

*A. N. Boeye* for appellant.

*Wesley Martin* for appellee.

Given, C. J.—I.   Plaintiff being the owner of said three hundred and nineteen acres of land, and desiring to sell the same, did, about September 8, 1891, employ the defendant, a real-estate agent, to sell said land for her at the highest obtainable price, and agreed to pay him two per cent. commission on the price obtained. About the twelfth day of October, 1891, defendant submitted to plaintiff a proposition in writing as follows: "Make contract to W. E. Pound or Geo. W. Lee. Proposition of W. E. Pound to Geo. W. Lee for the S. W. 27 and S. E. 28, township 94, range 27, Iowa, $20 per acre for 319 acres,—for 320 acres, less 1 acre for schoolhouse purposes, viz.:   $100 or more upon signing contract; $500 or more by or before January 1, 1892; $1,400 or more by or before March 1, 1892; balance, if any, due in two years.   7 per cent. annual interest.   Will assume $2,500.00 mortgage against farm, to be deducted from the amount received.   To receive warranty deed when $2,000.00 has been paid; balance, if any, secured by mortgage against said farm."   October 7, 1892, plaintiff and her husband, C. E. Fisher, and the defendant, George W. Lee, executed a written contract whereby the plaintiff agreed to sell and convey to defendant said land in consideration of six thousand three hundred

and eighty dollars, to be paid as follows: "$100 on delivery of the contract; $500 on or before January 1, 1892; $1,400.00 on or before March 1, 1892; $1,880.00 on or before January 1, 1894. Interest at 7 per cent. from date on all sums paid; interest payable annually." It .was further agreed that the second party assume a mortgage of two thousand five hundred dollars upon the land, with the interest thereon, and all taxes thereafter assessed. It was also agreed that a failure on the part of the second party to strictly and literally comply with the agreement on his part should result in the termination and forfeiture thereof. Upon the execution of this agreement, defendant paid to plaintiff one hundred dollars, and thereafter made the payment of five hundred dollars provided for. Defendant afterward contracted the land to Mr. Pound at twenty-two dollars and fifty cents per acre. As to the foregoing facts there is no controversy. Plaintiff alleges that the proposition from W. E. Pound was to pay twenty-two dollars and fifty cents per acre, instead of twenty dollars, and that defendant, with the intention to defraud the plaintiff, concealed from her that fact, and falsely and fraudulently stated to plaintiff that said proposition in writing was the best that could be obtained by him, and that, relying thereon, plaintiff accepted said proposition, and entered into said written contract, and received said money. She alleges that the defendant has received nearly the entire purchase price of twenty-two dollars and fifty cents per acre from W. E. Pound, and that he refuses to account for or pay to plaintiff the excess of two dollars and fifty cents per acre received by him from W. E. Pound. Plaintiff asks that said contract may be canceled, and the defendant and all persons claiming under him be barred from claiming any right to the land described. Defendant denies that he was agent

for the plaintiff at the time of the making of said written proposition, or at the time of the execution of said contract. He avers that about the twelfth day of October, 1891, he offered to plaintiff to buy said real estate himself at twenty dollars per acre; that plaintiff accepted said proposition, and that said written agreement was subsequently executed in pursuance of said verbal agreement;(that at the same time it was agreed that defendant should receive the commission agreed upon, the same as if the land had been sold by defendant to a third person;) and that to evidence that agreement the plaintiff executed to him her written promise to pay seventy-seven dollars and sixty cents. We have stated sufficient of the facts and claims of the parties to show that the real contention is whether the written contract of October 17, 1891, was entered into by the plaintiff with the defendant as purchaser, or for the purpose of carrying out an offer from Mr. Pound.

II. It is a familiar and conceded principle of law that "an agent for the sale of property may, with his principal's consent, purchase the subject-matter of the agency, where the facts are fully disclosed, and the agent acts in good faith, taking no advantage of his situation." *Green v. Peeso,* 92 Iowa, 261. Defendant, as agent of plaintiff, showed this land to Mr. Pound, of Illinois, who was in search of a farm to purchase. Defendant testifies that, as Mr. Pound was leaving for home, he said "he was rather well pleased with the Fisher farm, and from what he could gather in our conversation up there, and what we had talked of it here, he thought Mr. Fisher was quite anxious to sell, and he said: 'I most believe there is speculation in that. I believe I would venture it, any way, if I could buy it cheap enough.' He says, 'Do you suppose that can be bought for $6,000?' 'Why,' I says, 'I don't know. I hardly think so.'" Defendant further states,

Mr. Pound understood that he was to make that propo-
sition to plaintiff, and left, saying that defendant
would hear from him next week. We are satisfied
that the defendant regarded Mr. Pound as anxious to
buy the farm, and believed that he would be willing
to pay more than the price he had offered. Now, while
it is true that it does not appear that Mr. Pound had
made any other than the offer of six thousand dollars
prior to October 17, we think it is equally true that
the defendant did not communicate to the plaintiff all
that was said by Mr. Pound, nor his evident anxiety to
buy the farm. If it be true, as claimed by defendant,
that he and the plaintiff entered into the written con-
tract, she knowing that he was purchasing the farm
for himself, and that his agency had ceased, still his
failure to disclose fully to the plaintiff the probability
of a satisfactory sale to Mr. Pound places the transac-
tion in at least a questionable light. We are satisfied
from the evidence that the plaintiff did not understand
the agency to be terminated, nor that she was dealing
with the defendant as a purchaser. While it is true
the written contract is with the defendant alone, yet
we are satisfied, from their previous relations, and
from what took place at the execution of the contract,
that the plaintiff believed that the contract was to
enable defendant to effect the most favorable sale of
the land. We are in no doubt but that the plaintiff had
a right to, and did, believe that the sale of the land to
Mr. Pound was by the defendant, as her agent, and that
as soon as she learned that the sale was for an agreed
price, other than twenty dollars, she insisted upon her
right to that amount.

We understand that in some way the transaction,
as between the defendant and Mr. Pound, now deceased,
was canceled, and that the only parties interested are
the plaintiff and her husband, and the defendant, Lee,

and J. B. Barracks, who was made a defendant as being in possession of the land. The defendant, by way of cross bill, and upon the facts as claimed by him, asks that the plaintiff and her husband be decreed to convey the land to him. Our conclusion upon the record before us is that the defendant is not entitled to this relief; that the plaintiff is entitled to a decree canceling said written contract, and for possession of the land, and for an accounting as to rents and profits under the prayer of her petition. We do not think that plaintiff is entitled to judgment as was entered in her favor, but to a decree canceling the contract. The decree of the district court, refusing the relief asked by the defendant, is affirmed, and in all other respects the same is reversed, and the case remanded for an accounting as to rents, profits, amounts paid by defendant, and taxes, and for decree canceling said written contract.— *Modified and affirmed.*