## IN RE ESTATE OF MARY ANN ACKEN, Deceased.

**Estates of decedents:** ADMINISTRATION: JURISDICTION: SETTLEMENT.
1 The statutes do not require that the estates of all persons, residents of the county at the time of their death, shall be administrated; but they may be, or, adult heirs may settle the estate without going into court, and if a decedent left no property and no debts, administration should not be granted.

**Administrators:** RIGHT TO REAL PROPERTY. Ordinarily an administra-
2 tor has nothing to do with the real estate of a decedent, unless there is no heir present and competent to take possession, or the same is needed to pay debts; hence he cannot sue to recover the same for the estate, except when the personal property is insufficient to meet the debts.

**Administrators:** APPOINTMENT: JURISDICTION. A petition for the ap-
3 pointment of an administrator, which alleged that decedent left personal property but that the same had been transferred to

one of the heirs by a bill of sale void on its face, because such heir made the transfer to herself as the attorney in fact of decedent, was sufficient to authorize the appointment, the heirs failing to agree upon distribution; for if the bill of sale was void the administrator had authority to recover the property and distribute the same.

**Same:** RECOVERY OF ASSETS: RIGHT OF ADMINISTRATOR TO SUE. Where the time for granting letters of administration had not expired when the petition for appointment was filed, and the heirs although adults could not agree on the amount of personalty belonging to the estate or the proper distribution thereof, the administrator was entitled to sue to recover possession of the property claimed by one of the heirs.

**Same:** GIFTS: CONSIDERATION. Either an executed gift, or a transfer of property from an ancestor to an heir based upon love and affection, is valid; but a bill of sale of property made by an heir to himself, during the lifetime of the ancestor, as her attorney in fact and for an expressed consideration, which is not filed for record until after the death of the ancestor, raises no presumption of a gift or inference that the consideration was love and affection, which will defeat the administrator's right of action to set the transfer aside and recover the property for the estate, where the rights of creditors have not intervened.

**Attorney in fact:** CONVEYANCES: VALIDITY. A transfer of his principal's property by an attorney in fact to himself is void unless ratified by the principal.

**Appeal:** *Supersedeas* BOND: STAY OF PROCEEDINGS. The filing of a *supersedeas* bond on appeal from a self-executing order does not operate to stay further proceedings by an administrator.

*Appeal from Bremer District Court.*—HONS. J. F. CLYDE and J. J. CLARK, Judges.

FRIDAY, NOVEMBER 19, 1909.

FROM an order appointing an administrator of the estate of Mary Ann Acken, deceased, and an order for the examination of one I. Belle Rust, the said Rust appeals.— *Affirmed.*

*Sager & Sweet,* for appellant.

*Dawson & Wehrmacher,* for appellees, the administrator and Cleon W. Acken.

Deemer, J.—Mary Ann Acken, a resident of Bremer County, died intestate on or about May 12, 1908. Thereafter, and on August 1, 1908, Cleon W. Acken, a son of the deceased, filed in the office of the clerk of the Bremer County district court a petition for the appointment of an administrator. In this petition Acken asked for the appointment of Frank A. Lee. Lee filed a bond with proper sureties approved by the clerk, and letters of administration immediately issued to him, signed by the clerk of the district court. He immediately caused notice of his appointment to be published according to law, and filed a list' of the heirs and a description of the real estate. No inventory of the personal property was filed, nor had any claims been filed, when the court made the orders in the case hereinafter referred to. The statement as to the heirs discloses that Cleon W. Acken, a son, and I. B. Rust, a daughter, are the sole and only heirs of the deceased, and that they are both of full age. Thereafter, and on August 25, 1908, I. Belle Rust, one of the heirs, filed a motion to transfer the application for the appointment to the district court, and accompanied this application with objections to the appointment of an administrator, claiming that deceased left no property, and had no debts at the time of her death. The administrator objected to this application, claiming that deceased left property to be administered upon, which property was in the possession of I. Belle Rust. Other objections were made which we shall hereafter notice. The entire matter was transferred to the district court and heard at regular session thereof, resulting in an order denying the motion to set aside the appointment of the administrator and confirming the appointment. I. Belle Rust

appealed from this order; her notice having been served on November 9, 1908.

On November 7 of the same year the administrator filed a petition for an order to examine I. Belle Rust on the theory that she had property belonging to the deceased which she had taken wrongfully and without authority. On the same day an order was entered by the district court granting the petition and fixing a time for the examination of Mrs. Rust. The time so fixed was November 9. When the time arrived, Mrs. Rust filed a resistance to the order and a showing as to why the examination should not be had. Among other objections was the claim that, as an appeal had been taken from the previous order confirming the appointment of the administrator and a supersedeas bond filed, the trial court was without jurisdiction to proceed any further. These matters were submitted to the court, and the following order made thereon: "It is ordered that the application and motion in resistance to order for examination is overruled and denied, and said I. Belle Rust is ordered to reappear and submit to such examination on the 19th day of November, 1908, at two o'clock, to all of which ruling and order she excepts." Seasonable appeal was taken from this order. The case comes to us on these two appeals, and the questions involved are largely of law. Appellant contends that no administrator should have been appointed, for the reason that the deceased had no debts and no property to be administered upon; that if there be any right to any property in her hands it was one accruing to Cleon W. Acken as heir, and not to the personal representative of the deceased. She further contends that after the first appeal the court had no further jurisdiction of the matter, and that the order for examination was without authority and void.

These several questions necessitate an examination of the facts disclosed by the record, and to a proper understanding of the points involved a statement of the exact

issues as presented by the various papers filed. The application for the appointment of the administrator recited the death of the intestate; her residence in Bremer County at the time of her death; that she died intestate, leaving the appellee, whose home is in Nebraska, and Mrs. Rust, as her sole and only heirs. It also recites that deceased was seised of certain real estate in Bremer County (describing it). It then proceeds as follows:

That your petitioner believes that said Mary Ann Acken died seised of a considerable amount of personal property, including moneys, notes, and other evidences of indebtedness and securities, the amounts and description thereof your petitioner is unable to state, because the same is under the control and custody of the said Mrs. I. B. Rust. The said Mrs. I. B. Rust makes some pretended and false claim or title therein and possession thereof, as well as the real estate hereinbefore described, by reason of a false, fraudulent, and pretended written conveyance signed and executed by said Mrs. I. B. Rust, claiming to act as the agent and attorney in fact for the said deceased, Mary Ann Acken, conveying said real estate and personal property to Mrs. I. B. Rust, which conveyances are wholly void and of no force or effect whatever. That your petitioner further alleges that on account of his present nonresidence he is advised that he may not be entitled to act as administrator of the estate of his mother, Mary Ann Acken. He therefore asks that Frank A. Lee be duly appointed as the administrator of the estate of Mary Ann Acken, deceased, believing that the said Frank A. Lee, who is a resident of Waverly, Iowa, to be a capable, competent, and worthy person for such appointment.

In the application for removal of the proceedings to the district court Mrs. Rust made the following objections to the appointment of the administrator:

(3) That the said Cleon W. Acken does not state in said application that there is any personal property belonging to the alleged estate of the said Mary Ann Acken. He simply alleges a belief.

(4) That in said application the said Cleon W. Acken seeks to vitiate, set aside, and hold for naught a certain

power of attorney and bill of sale, and the clerk of said court has no authority or power under said application to pass upon the validity of said power of attorney or bill of sale.

(5) That there is no property, personal, real or mixed, belonging to the alleged estate of Mary Ann Acken.

(6) That until a certain power of attorney, bill of sale, and warranty deed have been passed upon, set aside, and held for naught by a court of competent jurisdiction, there is no property belonging to the alleged estate of Mary Ann Acken, deceased.

(7) That *prima facie* there is no property belonging to the alleged estate of Mary Ann Acken, deceased.

In his objections to Mrs. Rust's application the administrator filed a statement, which contained these, among other, allegations:

That your administrator states and represents to the court that there is now, and was at the time of his appointment, personal property belonging to and owned by said Mary Ann Acken, deceased, which personal property is now in the possession of the said I. Belle Rust, in Bremer County, Iowa, and that if his appointment is confirmed by the court, that he will proceed at once, under the direction of the court, to collect and recover said personal property; that the power of attorney and bill of sale mentioned and referred to in the application made by one Cleon Acken for his appointment as administrator is null and void, and has no legal effect whatsoever, all of which appears upon the face of said instrument.

He also filed the following as an amendment:

That he attaches hereto a true and correct copy of the pretended bill of sale heretofore referred to in his original objection, and makes the same a part of his objections heretofore filed, marked 'Exhibit A,' and your administrator further avers that the said Mary Ann Acken, deceased, was at the time of her decease and for many years prior thereto a resident of Bremer County, Iowa, and was at the time of her decease the owner of a large amount of real and personal property, deriving therefrom large profits as inter-

est and rentals therefor; that the pretended deeds and ·bill of sale made by the said I. B. Rust as the pretended attorney in fact of the said Mary Ann Acken are void and against public policy, and that the rights and interests of the creditors and heirs of the said Mary Ann Acken, deceased, is such a right and interest in property that your administrator has the right to require the said I. B. Rust to submit to an examination and disclosure, which confers jurisdiction upon this court to continue the administration of said estate, to the end that the personal property of the said Mary Ann Acken, deceased, may be collected, preserved and distributed as required by law.

Exhibit A, attached to the amendment of objection to motion, is as follows:

Know all men by these presents, that I, Mary Ann Acken, a widow, of Bremer County, State of Iowa, in consideration of the sum of one hundred and no-100ths dollars, in hand paid by I. Belle Rust, of Bremer County, State of Iowa, do hereby sell and convey unto the said I. Belle Rust, and to her heirs and assigns the following described goods and chattels, to wit: All mortgages, moneys, credits, certificates of deposit, etc., in fact, all personal property of every name and nature now owned by me and in my possession or that may accrue and become mine prior to my death. To have and to hold the same forever, and I, the said party of the first part, will forever warrant and defend the said property against the lawful claims of all persons whatsoever. Signed the 7th day of December, 1905. Mary Ann Acken, by I. B. Rust, Attorney in Fact.

This is the entire showing upon which the appointment of the administrator was confirmed, and the question here is: Was it sufficient to justify the order? Our code of probate procedure is very brief, and in many respects uncertain and unsatisfactory. On account of its brevity, the procedure has largely been worked out through custom and judicial decisions. The only statutes which have any bearing upon the question are the following: Section 225, Code:

First. The district court of each county shall have original and exclusive jurisdiction to probate the wills of, and to grant administration upon the estates of, all persons who at the time of their deaths were residents of the county, and of nonresidents of the state who die leaving property within the county subject to administration, or whose property is afterwards brought into the county. . . . Fourth. It shall have jurisdiction in all matters in relation to the appointment of executors and trustees, and the management and disposition of the property of and settlement of such estates: Provided that, where jurisdiction has heretofore been acquired, the same shall be retained until such estate is closed.

Section 250: The clerk of the district court shall have and exercise within his county all the powers and jurisdiction of the court and of the judge thereof, in the following matters: First. The appointment, when not contested, of resident administrators, executors, and guardians of minors, and the approval of any and all bonds given by administrators, executors, trustees and guardians in the discharge of their several trusts.

Section 251: Any person aggrieved by any order made or entered by the clerk, under the powers conferred in the last section, may have the same reviewed in court, on motion filed at the next term and not afterwards, unless upon good cause shown within one year, and upon such notice as the court or a judge thereof may prescribe. Upon the filing of such motion, the clerk shall place the cause or proceeding on the docket without additional docket fee, and the matter shall stand for hearing or trial *de novo* in open court.

Section 252: The records, orders and judgments made and entered by the clerk as hereinbefore provided, and not reversed, set aside or modified by the court, shall stand, and be of the same force, validity and effect, and shall be entitled to the same faith and credit, as if made by the court or by the judge thereof.

Section 3261: The district court shall always be open for the transaction of probate business.

Section 3297: In other cases, where an executor is not appointed by will, administration shall be granted: (1) To the husband or wife of the deceased; (2) to his next of

kin; (3) to his creditors; (4) to any other person whom the court may select. Individuals belonging to the same or different classes may be united as administrators.

Section 3298: To each of the above classes, in succession, a period of twenty days, commencing with the burial of the deceased, is allowed within which to apply for administration.

Section 3303: After filing the bond, the clerk shall issue letters testamentary or of administration, as the case may be, under the seal of the court, giving the executor or administrator the power authorized by law.

Section 3305: Administration shall not be originally granted after five years from the death of the decedent, or from the time his death was known, in case he died out of the state.

As bearing upon the second appeal we quote the following:

Section 3315: The court or judge may require any person suspected of having taken wrongful possession of any of the effect of the deceased, or of having had such effects under his control, to appear and submit to an examination under oath touching such matters, and if on such examination it appears that he has the wrongful possession of any such property, the court or judge may order the delivery thereof to the executor or administrator.

Recurring again to administration in general, we quote the following:

Section 3362: The personal property of the deceased not necessary for the payment of debts, nor otherwise disposed of, shall be distributed to the same persons and in the same proportions as though it were real estate.

Section 3363: The distributive shares shall be paid over as soon as the executor or administrator can properly do so.

Section 3378: Subject to the rights and charges hereinbefore provided, the remaining estate of which the deceased died seised shall, in the absence of a will, descend in equal shares to his children unless one or more of them is dead, in which case the heirs of such shall inherit his or her share in accordance with the rules herein prescribed, in the same manner as though such child had outlived its parents.

Section 3421: All applications for orders in probate must be made in writing, verified and self-explanatory, so

that the clerk or court from a perusal thereof may understand the relief sought without explanations.

These are all the statutes relevant or material to our inquiry, and it will be observed that they are either silent as to, or that they provide in the most general way, the form of the petition or application for appointment of an administrator; that they do not, save in the most general terms, declare as to what estates are subject to administration in the probate court, and fail to state with any certitude the cases, if there be any, which may be administered out of court. It is true that the probate court is given general jurisdiction to grant administration upon the estates of all persons who at the time of their death were residents of the county and of nonresidents who die leaving property within the county subject to administration; and it is no doubt true that, generally speaking, the estates of all resident deceased persons are subject to administration, but it does not follow that adult heirs may not settle the estates of deceased persons without going into court, and, if it appears that the deceased left no property and had no debts, then there is nothing to administer, and an administrator should not be appointed. We shall assume for the purposes of this argument that the deceased, Mrs. Acken, had no debts, for this, as we think, clearly appears from the record now before us.

It is alleged, however, that she left both real estate and personal property, although it seems that the record or paper title thereto was in Mrs. Rust. As to the real estate, we do not think that there is anything which would justify the appointment of an administrator. Ordinarily, an administrator, when appointed, has nothing to do with the real estate. It is only when there is no heir present and competent to take possession of the real estate (Code, sec-

*Margin notes:* 1. ESTATES OF DECEDENTS: administration: jurisdiction: settlement.

2. ADMINISTRATORS: right to real property.

tion 3333), or where the same is necessary for the payment of debts (Code, sections 3317, 3323), that an administrator has anything to do with the real estate of which one died seised. If the title to that real estate is in another, no action can be brought by an administrator with reference thereto, except when the known and acknowledged property of the deceased will not be sufficient for the payment of his debts. Code, section 3317. The statement as to the real estate of the deceased found in the application for the appointment of an administrator was not sufficient to give either the clerk or the court jurisdiction to make the appointment.

As to the personal property, a different question is presented. Starting with the assumption that the estates of all decedents are subject to administration, we have to inquire whether the showing in this case was 3. ADMINISTRATORS: appointment: jurisdiction. sufficient to justify the court in approving the action of the clerk in making the appointment and in confirming the same. We shall, as already stated, assume that there were no debts, for this is practically conceded in the papers filed; and it must also be assumed, in view of the allegations made in the application for appointment, that the paper title to the personal property is in I. Belle Rust. However, it is claimed that this paper title is void on its face and entirely invalid for the reason that I. Belle Rust, as attorney in fact for Mrs. Acken, now deceased, made the bill of sale or assignment to herself. If this is void, or if it be nothing more than voidable, then deceased was, in fact, the owner of the personal property at the time of her death, or his representative would have the right to have it so declared; and, in the absence of an agreement between the heirs as to how it should be distributed, a court of probate had the right, and it was its duty, to appoint an administrator to collect these assets, and make distribution thereof according to law.

It is not quite true, as appellant contends, that upon the death of one owning personal property this property immediately passes to his heirs. If there be no administration ·granted, and the time for the taking out thereof has expired, doubtless this is true, and it may be that for certain purposes, even with administration granted, the title passes to the heirs by relation or otherwise as of the date of the death of the owner.· We have held that, until the estate is settled, the heirs are not entitled to any of the personal property belonging to the decedent. *Van Aken v. Clark,* 82 Iowa, 256. Again, in *Stahl v. Brown,* 72 Iowa, 720, we said: "The heirs take no title or ownership of the personal property of the estate while it is subject to administration, but it descends to the administrator upon his appointment." Following this rule to its logical conclusion, we held in *Haynes v. Harris,* 33 Iowa, 516, and *Baird v. Brown,* 65 Iowa, 40, that where the period for granting letters had not expired, no action could be maintained by the heirs of the deceased upon a promissory note, the property of the deceased at the time of his death. In another case, where the period for granting letters had expired and the debts of the decedent had been paid, we held that the widow and heirs were entitled to maintain an action against another heir who had appropriated property of the deceased. See *Murphy v. Murphy,* 80 Iowa, 740. It is well to notice the fact that in this case not only were there no debts, but that the time for administration had expired. See, also, as sustaining the same rule: *Phinny v. Warren,* 52 Iowa, 332; *Jordan v. Hunnell,* 96 Iowa, 334. Again, it was said in *Ritchie v. Barnes,* 114 Iowa, 67, that "the heirs are not entitled to possession of personal property until through distribution or the expiration of the period of limitation for administration their interest therein has been definitely ascertained." See, also, *Foss v. Cobler,* 105 Iowa, 728. That adult heirs, laboring under no disability,

4. Same: recovery of assets: right of administrator to sue.

may contract with reference to the distribution of personal property where the rights of creditors are not involved, even as against an administrator, see *Douglass v. Albrecht,* 130 Iowa, 132; also *In re Guardianship of Lindsay,* 132 Iowa, 119. See, also, as for the sustaining of these views, *Christie v. Railroad Co.,* 104 Iowa, 707.

These decisions point the way to the conclusion in this case. The time for the granting of letters had not expired when the petition for appointment was made. The heirs, although adults, were not able to agree either upon the amount of personal property owned by the deceased at the time of her death, or upon the proper distribution thereof. It was alleged that deceased owned certain property at the time of her death, and that the title of Mrs. Rust thereto was colorable only and void. The title under which she claimed was set out and appears to be an instrument which she as attorney in fact for Mrs Acken made to herself. Under such circumstances, a cause of action to recover the property or a part thereof was in someone—that is to say, under the allegations of the petition for appointment and in the other papers filed, it appears that either an administrator representing the entire estate or Cleon W. Acken, as a joint heir with Mrs. Rust, claiming one half of the property as such heir, had a right of action against Mrs. Rust, in the one case to recover the entire personal estate for the purpose of distribution to those entitled thereto, or in the other to recover the half which Cleon W. Acken, as an heir, was entitled to. There seems to be two purposes to be subserved in granting administration, one to collect the assets and pay the debts, funerals expenses, etc., and the other to collect the assets and make proper distribution thereof to those entitled thereto. If there be no debts, but the heirs entitled thereto are incapable of agreeing to a distribution, or if being capable, they are unable to agree upon a distribution, an administrator shall be appointed,

unless the time has passed within which administration may be had.

To meet these propositions counsel for appellant contend that under the showing made, not only were there no debts, but also that there was no property left by the deceased subject to administration. If these claims were true, doubtless their conclusion would be correct. But they assume the correctness of the very matters in dispute. They assume that the title held by Mrs. Rust in the personal property is good, and they cite in support of their contention cases which hold that an executed gift from mother to daughter is valid, and also claim that natural love and affection are a sufficient consideration for a transfer of personal property by mother to daughter. These assumptions are, of course, correct in law, but the difficulty here is that there is no showing of a gift and no claim of a transfer based upon a consideration of natural love and affection. The only claim made is a bill of sale from deceased by I. Belle Rust, her attorney in fact, to I. Belle Rust, based upon an expressed consideration of $100 in hand paid. This appears to have been made during the lifetime of the deceased, but it was not filed for record until after her death. That an attorney in fact has no implied authority to deal with and make conveyances to himself is too clear for argument, and there is no showing of express authority. No presumption of gift and no inference as to a consideration of natural love and affection can arise under such circumstances. Appellant quotes this from *Cooley v. Brown,* 30 Iowa, 470:

5. SAME: gifts: consideration.

Ordinarily, it must be true that an administrator can only maintain such actions at law as the intestate might, if living. This must be invariably so as to all actions for the enforcement of rights grounded upon the inheritance. So far as the administrator represents the heirs, and the actions brought by him are to secure their rights or interests, he must be limited to such as the decedent himself

might have maintained. But, under our General Statutes relating to the distribution of estates and the duties of administrators, the latter are charged with certain trusts in favor of creditors of the estate. They are required to collect the assets and to pay them over to the creditors. Whatever ought to be applied to the payment of the debts ought to be recoverable by the administrator representing the rights and interests of the creditors.

This rule seems to point to the conclusion already reached. There is no doubt under the showing made that deceased might in her lifetime have brought action to set aside the bill of sale under which Mrs. Rust claims. If that be true, then, under the rule of *Cooley's* case, an administrator may bring the same kind of an action. If it appeared that there was an executed gift to Mrs. Rust, or a sufficient consideration which might be nothing more than natural love and affection, then, unless the rights of creditors intervened, neither the administrator nor the heir, Cleon W. Acken, could maintain an action.

That an attorney in fact can not sell to himself is too well established by the authorities to require a citation of cases; but see *Ingle v. Hartman,* 37 Iowa, 277; *Green v. Peeso,* 92 Iowa, 266. There is a strong presumption of invalidity when any such conveyance is involved. *Rochester v. Levering,* 104 Ind., 562 (4 N. E. 203); *People v. Township Board,* 11 Mich. 222. In the last cited case the court said: "If such contracts were to be held valid until shown to be fraudulent or corrupt, the result, as a general rule, would be that they may be enforced in spite of fraud or corruption. Hence, the only safe rule in such cases is to treat the contract as void without reference to the question of fraud in fact, unless affirmed by the opposite party. This rule appears to me so manifestly in accordance with sound public policy as to require no authority for its support."

Our conclusion that the administrator was correctly

6. ATTORNEY IN FACT: conveyances: validity.

appointed is sustained by the following authorities from other states: *McBride v. Vance,* 73 Ohio St. 258 (76 N. E. 938, 112 Am. St. Rep. 723); *In re Pina's Estate,* 112 Cal. 14 (44 Pac. 332); *O'Donnell v. O'Donnell,* 57 Me. 24; *In re Strong's Estate,* 119 Cal. 663 (51 Pac. 1078); *Guernsey v. Pennington,* 33 Ind. App. 119 (70 N. E. 1008); *Hall v. Cowles,* 15 Colo. 347 (20 Pac. 706; *Langsdale v. Woollen,* 99 Ind., 575; *Ferguson v. Templeton* (Tex. Civ. App.), 32 S. W. 148; *Johnson v. Longmire,* 39 Ala. 143; *Alexander v. Burfield,* 6 Tex. 400; *Green v. Tittman,* 124 Mo. 372 (27 S. W. 391; *Donaldson v. Raborg,* 26 Md. 312; *Marshall v. Crow,* 29 Ala. 278; Read v. Bennett, 55 N. J. Eq. 587 (37 Atl. 75); *Munson v. Munson,* 3 Day (Conn.), 260; *Cox v. Grubb,* 47 Kan. 435 (28 Pac. 157, 27 Am. St. Rep., 303); *Becraft v. Lewis,* 41 Mo. App. 546. There was no error in confirming the appointment.

II. As to the second appeal. It is contended that when the first appeal was taken and supersedeas bond filed, the trial court lost jurisdiction of the matter, and could make no further orders. This all depends

7. APPEAL: *supersedeas bond: stay of proceedings.*

upon the character of the order appealed from. If it was a self-executing one, then the filing of the supersedeas did not stay further proceedings. The order approving the action of the clerk and confirming the appointment of the administrator was clearly self-executing, and the filing of a supersedeas did not stay further proceedings commenced by the administrator. This is too clear for argument. But see *Allen v. Church,* 101 Iowa, 116; *Allen v. Cook,* 71 (Iowa) N. W. 534; *First National Bank v. Dutcher,* 128 Iowa, 413; *Watson v. Richardson,* 110 Iowa, 698. As the appeal in no manner affected the appointment of the administrator, he was authorized to proceed under section 3315 of the Code before quoted. The trial court might in its discretion have suspended proceedings until the determination of the appeal, but it was not

bound to do so; or, upon application to this court, a stay might have been granted. See *First National Bank v. Dutcher, supra*. After the final order for the examination was entered, Mrs. Rust again appealed, but it does not appear whether she then gave a supersedeas bond or not, nor does the record show any further proceedings in the matter. No claim is made, however, that there was any stay save for the giving of the bond upon appeal from the first order complained of. That, as we have seen, did not stay the proceedings.

  We have gone over the record with care, and discover no error of which appellant may justly complain. We have no occasion now to determine whether the administrator is a proper party to bring suit under section 3317 of the Code, as that question is not now before us. Nor should this opinion be treated as an authority holding that Cleon W. Acken can not in his own name bring suit to recover his part of the real and personal property said to have been left by the deceased. He surely can not attack either conveyance on the theory that it is void as to creditors alone because made to defraud them.

  Our conclusion on the whole case is that the orders must each and all be, and they are, *affirmed*.