## THE ESTATE OF WELLS *v.* WELLS.

### No. 6755.

DECEDENTS' ESTATES.—*Promissory Note—Pleading.*—In an action against a decedent's estate, upon a written instrument, the execution thereof by the decedent must be proved, though not denied under oath.

SUPREME COURT.—*New Trial.—Evidence.—Bill of Exceptions.*—Where the entire evidence is necessary to present fully the questions arising on the motion for a new trial, the evidence must be in the record; but this is not necessary where the question presented thereby is of such a character that it can be determined as well without the entire evidence as with it *Walser* v. *Kerrigan,* 56 Ind. 301; *The School Town of Princeton* v. *Gebhart,* 61 Ind. 187; *Smith* v. *Stanford,* 62 Ind. 392, distinguished.

From the Delaware Circuit Court.

*T. S. Walterhouse* and *W. March,* for appellant.

*J. N. Templer* and *R. S. Gregory,* for appellee.

WORDEN, J.—This was a claim filed by Austin T. Wells against the estate of Joseph C. Wells, deceased. It is to be inferred from the record and the proceedings of the court, that Austin T. Wells was the executor or administrator of the estate of the deceased, though, if it is so stated in the record, the statement has escaped us.

The estate of a dead man can not be a party to a suit without some representative; and the suit should be carried on in the name of the representative as such. It

would have been more formal, if the plaintiff had filed his claim in his individual capacity against himself in his representative capacity. No objection, however, is made in this respect.

In accordance with the act of March 11th, 1875, 2 R. S. 1876, p. 517, the court appointed an attorney to defend the action, and issues were joined and the cause tried by a jury, resulting in a verdict and judgment for the plaintiff for $1,736.72, a motion for a new trial having been overruled.

Error is assigned upon the overruling of the motion for a new trial. The introduction of the note in evidence, hereinafter mentioned, was assigned as one of the causes for a new trial.

It appears by a bill of exceptions, that on the trial of the cause the plaintiff offered in evidence a promissory note, dated May 17th, 1864, for the payment to the plaintiff, one year from date, of the sum of $300, signed J. C. WELLS. The defendant objected to the introduction of the note in evidence because its execution by the deceased was not proved; but the court overruled the objection and permitted the note to be given in evidence without any proof of its execution.

The court erred in admitting the note in evidence without proof of its execution. It has long been settled that section 80 of the code does not apply to such case, and that in actions upon written instruments against executors, etc., the execution of the same by the deceased must be proved, though not denied under oath. *Riser* v. *Snoddy,* 7 Ind. 442; *Mahon's Adm'r* v. *Sawyer,* 18 Ind. 73; *Barnett's Adm'x* v. *The Cabinet Makers' Union,* 28 Ind. 254; *Cawood's Adm'r* v. *Lee,* 32 Ind. 44.

But the counsel for the appellee insist that, as all the evidence is not in the record, no advantage can be taken of the error. It is true, that in all cases where the entire

evidence is necessary, in order to present fully the questions arising on the motion for a new trial, the evidence must be in the record. But this is not the case where the question presented is of such a character that it can be determined as well without the entire evidence as with it. In this case, it is not necessary that the entire evidence should be in the record, in order to enable us to see that the admission of the note in evidence was erroneous. Thus, it is not necessary that the bill of exceptions should contain all the evidence, where the ground of the motion for a new trial is the exclusion of a competent witness. *Sutherland* v. *Hankins*, 56 Ind. 343.

The counsel for the appellee have cited some cases in support of their view, and among them that of *Walter* v. *Kerrigan*, 56 Ind. 301.

The first point in the syllabus of that case is inaccurate. The following extract from the opinion will show what was decided in respect to the point under consideration. The court said : " There is no bill of exceptions in the record. We can not say, therefore, that the court erred in overruling the motion for a new trial. The evidence not being in the record, we can not say it did not sustain the verdict. As to the action of the court, assumed, in the motion for a new trial, to have occurred on the trial, in the admission of testimony, in the absence of a bill of exceptions, showing that such action did occur, we can not act upon that assumption of counsel. The court has not admitted, in a bill of exceptions signed by it, that the assumption is true ; and it may have overruled the motion for the reason that the assumption was false. The written motion for a new trial is a part of the record which the Supreme Court is bound to notice. But the truth of the statements made in such motion must appear otherwise than by the simple allegations in the motion itself."

The case of *Miller* v. *Seligman*, 58 Ind. 460, is also cited; but that was an appeal under section 347 of the code, and contained neither the evidence nor the verdict. It throws no light upon the question involved.

The cases of *The School Town of Princeton* v. *Gebhart*, 61 Ind. 187, and *Smith* v. *Stanford*, 62 Ind. 392, are also cited. In each of these cases, it was said, in general terms, that, as the evidence was not in the record, the motion for a new trial raised no question for consideration. In each of these cases, it was doubtless necessary that the evidence should have been in the record, in order to present the questions arising on the motion for a new trial. What was said was said in reference to the case presented, and was not intended to apply to cases where the evidence was not necessary in order to present fairly the question or questions arising on the motion.

For the error in admitting the note in evidence, the judgment will have to be reversed.

The judgment below is reversed, with costs, and the cause remanded for a ew trial.