The Estate of Thomas *v.* Service.

---

No. 10,111.

## THE ESTATE OF THOMAS *v.* SERVICE.

SUPREME COURT.— *Practice.*—*Assignment of Error.*—If the assignment of errors do not contain the full names of the parties, the appeal may be dismissed on motion made in apt time, and if it can not be found from the whole record who the parties are, the Supreme Court will, of its own motion, strike the case from the docket.

From the LaPorte Circuit Court.

*J. A. Love* and *E. G. Thomas*, for appellant.

*L. A. Cole* and *C. H. Wilson*, for appellee.

BLACK, C.—The appellee has moved to dismiss this appeal, for the reason that the assignment of errors does not conform to Rule 1 of this court, which requires that "The assignment of errors shall contain the full names of the parties," etc.

For names of parties, this assignment contains the following: "*In the Matter of the Claim of George Service v. The Estate of William Thomas.*

"The appellant, the Estate of William Thomas, deceased, for assignment of errors in said cause, says," etc.

Under former decisions of this court, this is not a compliance with the rule. *Estate of Peden* v. *Noland,* 45 Ind. 354; *State, ex rel.,* v. *Delano,* 34 Ind. 52; *Louisville, etc., R. W. Co.* v. *Head,* 71 Ind. 176; *Kiley* v. *Perrin,* 69 Ind. 387; *Henderson* v. *Halliday,* 10 Ind. 24.

The appeal should be dismissed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the appeal be dismissed.

### ON PETITION FOR A REHEARING.

BLACK, C.—It is admitted that the assignment of errors should contain the full names of the administrators, but it is claimed that the defect in the assignment was waived by the appellee by the filing of his agreement to submit the cause before his motion for the dismissal of the appeal. But upon a careful examination of the entire record it can not be discovered that the appeal was taken by administrators, or that there are any administrators of the estate of William Thomas, deceased.

It would not be profitable to take space to show particularly the condition of the record, which is peculiarly bad.

The cause was prosecuted against the estate of William Thomas, deceased, and the judgment was that the claimant recover "from the assets of said estate." It was stated in a paragraph of the answer, that the estate had been settled, and that the administrators, not named, had been discharged less than thirty days after the filing of this claim. In the testimony of one E. G. Thomas, he said: "I was one of the administrators of the estate of William Thomas, deceased." Nothing constituting part of the record shows who had been the other administrator or administrators. The record shows that "said estate, by counsel," prayed an appeal to this court. An appeal bond was filed, signed by E. G. Thomas and Lucretia Thomas. The judgment is therein referred to as a "judgment against the estate of William Thomas," and it is said therein that "E. G. Thomas has appealed therefrom to the Supreme Court," etc.

It would seem that there was a final settlement of the estate of William Thomas, deceased, and that the administrators thereof were discharged without any disposition of this claim, and the final settlement had not been set aside, and there was no administrator when judgment on the claim was rendered. We can not discover that a judgment was rendered against

any person either as an individual or in a representative capacity.

· In the absence of any motion, without regard to the fact that the appellee had submitted the cause, this court would be compelled to order that the cause be struck from its docket. The same result was accomplished by sustaining the motion to dismiss.

PER CURIAM.—The petition for a rehearing is overruled.