## ESTATE OF GUERNSEY *v.* PENNINGTON.

[No. 4,977.   Filed May 10, 1904.]

PARTIES.—*Decedents' Estates.*—*Executors and Administrators.*—A decedent's estate can not be a party to an action without some representative.

From Lake Circuit Court; *H. S. Barr,* Special Judge.

Action by William Pennington on a claim against the estate of Chester Guernsey.  From a judgment for plaintiff, defendant appeals.  *Appeal dismissed.*

*J. F. Meeker,* for appellant.
*Johannes Kopelke,* for appellee.

HENLEY, C. J.—Appellee has moved to dismiss this appeal, for the reasons that the record fails to show that the

appeal is prosecuted by any proper person, and that the assignment of errors does not contain the full names of the parties. Appellee's objection is well taken. It is a well-established rule in the courts of appeal in this State that the estate of a dead man can not be a party to an action without some representative. To this effect are the following decisions: *Estate of Peden* v. *Noland,* 45 Ind. 354; *Estate of Wells* v. *Wells,* 71 Ind. 509; *Estate of Thomas* v. *Service,* 90 Ind. 128; *Dunn* v. *Estate of Evans,* 28 Ind. App. 447, and in the recent case of *Whisler* v. *Whisler,* 162 Ind. 136, the same rule was announced, and the cases heretofore mentioned were cited with approval.

The appeal is dismissed.