## DALLAM *v.* ESTATE OF STOCKWELL.

[No. 5,165.    Filed October 6, 1904.]

APPEAL AND ERROR.—*Decedents' Estates.—Claim.—Appeal Bond.*—An appeal from a judgment against claimant for costs in the prosecution of a claim against a decedent's estate will not lie, under the general statute providing for appeals, and where no appeal bond is filed as provided by §§2609, 2610 Burns 1901 the appeal will be dismissed. *pp. 620, 621.*

SAME.—*Decedents' Estates.—Parties.*—A decedent's estate can not be a party to an action without some representative, and where the assignment of errors on appeal from an action on a claim against a decedent's estate does not contain the name of the administrator or executor, the appeal will be dismissed. *p. 621.*

From Superior Court of Vanderburgh County; *W. M. Wheeler,* Special Judge.

Action by Douglas Dallam against the estate of Belle D. Stockwell, deceased.    From a judgment in favor of defendant, plaintiff appeals.    *Appeal dismissed.*

*J. E. Williamson,* for appellant.
*James T. Walker,* for appellee.

WILEY, J.—Appellee has filed a motion to dismiss, which motion is based upon two grounds: First, that no appeal bond has been filed; and, second, because the appeal is not prosecuted by a proper person, and that the assignment of errors does not contain the full names of the parties.    The appeal is prosecuted under §§2609, 2610 Burns 1901.    The first section named makes it a condition precedent to an appeal in any case growing out of any matter connected with the decedent's estate that the appellant must first file a bond with the clerk of the trial court, conditioned for the diligent prosecution of such appeal, and the payment of costs, if costs be adjudged against him. The second section referred to requires that such appeal bond shall be filed within ten days after the decision complained of is made, unless, for good cause shown, the court

Dallam *v.* Stockwell's Estate.

to which the appeal is prayed shall direct such appeal to be granted on the filing of such bond within one year after such decision. It further provides that the transcript shall be filed ·in the appellate tribunal within ninety days after the filing of the appeal bond. Appellant was plaintiff below, and a judgment was rendered against him for costs on the 18th of July, 1903. No appeal bond has ever been ·filed, and the transcript was lodged in this court on February 18, 1904. Appellant has not made any counter showing why the appeal should not be dismissed.

It is the uniform rule in this State that the aggrieved party can only prosecute an appeal, growing out of any matter connected with a decedent's estate, by ·complying with the provisions of the statute providing for such appeal. *Bollenbacher* v. *Whisnand,* 148 Ind. 377; *Ten Brook* v. *Maxwell,* 5 Ind. App. 353; *Lindley* v. *Darnall,* 24 Ind. App. 399. The adjudication of a claim against an estate comes within this rule, and an appeal will not lie under the general statute providing for appeals. As no appeal bond was filed in the court below, an appeal could not be taken, except by leave of this court, and the filing of the transcript, as provided by the statute. *Lindley* v. *Darnall, supra.*

But there is another reason why we can not entertain this appeal, and that is there is no proper party appellee designated in the assignment of errors. The parties designated by the title of the cause in this court, as disclosed by the assignment, are as follows: "Douglas Dallam v. The Estate of Belle D. Stockwell." It has many times been held that the appellant's assignment of error is his complaint in this court, and that the names in full of all the parties to the appeal must appear therein. Ewbank's Manual, §124, and authorities cited. The above quoted title of the cause in appellant's assignment of errors does not comply with this requirement.

In the recent case of *Guernsey's Estate* v. *Pennington, ante,* 119, it was held that the estate of a decedent can not

be a party to an action without some representative. In *Dunn* v. *Estate of Evans,* 28 Ind. App. 447, it was held that the rule of this court (rule six) requiring that the assignment of errors shall contain the full name of the parties requires that the name of the administrator of an estate shall be set out in an appeal from a judgment in an action on a claim against a decedent's estate. In a similar case *(Estate of Peden .*v. *Noland,* 45 Ind. 354) it was said: "The estate of Joseph Peden, deceased, is not the full name of any administrator or executor of an estate." In the case of *Estate of Wells* v. *Wells,* 71 Ind. 509, it was said: "The estate of a dead man can not be a party to a suit without some representative; and a suit should be carried on in the name of the representative as such."

The case of *Whisler* v. *Whisler,* 162 Ind. 136, is also in point. There one of the appellees was designated in the assignment of errors as "Cornelius Lumaree, executor." The record showed that Cornelius Lumaree was the executor of the estate of John Whisler, deceased, and it was held that he could not have been sued and charged in his representative character by the description of "Cornelius Lumaree, executor," without the addition of the further averment or designation showing his relation to the will or estate of some person. Another of the appellees in that case was designated in the assignment as "Lewis Signs, trustee," and the court held that as two of the parties named in the complaint, and in whose favor judgment was rendered against appellant, were not properly designated in the assignment of errors, rule six of the court was not complied with, and that the appeal must be dismissed. Under the unbroken line of authorities, appellee's motion is well taken, and must be sustaned.

The appeal is therefore dismissed at the costs of appellant.