INDIANA DEPARTMENT OF STATE REVENUE, INHERITANCE TAX DIVISION *v.* MERTZ, EXCR.

[No. 17,941. Filed December 5, 1949.]

*J. Emmett McManamon,* Attorney General, *John J. McShane, Lloyd C. Hutchinson,* and *Edward L. Hamilton,* Deputy Attorneys General, for appellant.

*Porter D. Crowell,* of Kendallville; and *Mountz & Mountz,* of Garrett, for appellee.

ROYSE, J.—Appellee's decedent died testate April 30, 1947. On the 20th day of January, 1939, decedent conveyed certain real estate of the value of $14,400 to his sons, Martin J. P. Bauman and Henry W. Bauman, in which conveyance he expressly reserved to himself a life estate. On March 16, 1941 one of said grantees, Henry W. Bauman, died intestate. On January 22, 1943, decedent made and executed his last will and testament by the terms of which he bequeathed and devised to his daughter all of his property after the payment of debts. This will was duly probated May 12, 1947. Included in the executor's schedule of all decedent's property filed in said estate was a recitation of the conveyance of the aforementioned real estate to the sons. Also in the report of the appraisers in said estate there was a recitation of said conveyance.

On January 17, 1949, the heirs of Henry W. Bauman, deceased, co-grantee in said deed, filed written objections to the Report of Appraiser. Said written objections set out the conveyance by George Bauman to Martin J. P. Bauman and Henry W. Bauman, and set out the reservation of the life estate of George Bauman. Said objections further recited the death of the co-grantee, Henry W. Bauman in 1941; that the objectors are the widow, children, and sole heirs at law of Henry W. Bauman; that they took nothing under the will of George Bauman; and prayed that they be found not indebted for any inheritance tax. On January 17, 1949, said objections were sustained. On January 17, 1949, the Circuit Court of Noble County entered its order Determining Value of Estate and Amount of Tax. By said order the Court determined as follows: Total Net Value of Estate, $26,852.84; Distribution to Hattie Bauman, $12,452.84; (Undistributed balance—no tax paid on $14,400). On January 31, 1949, the Indiana Department of State Reve-

nue, Inheritance Tax Division by George F. Dickmann, Inheritance Tax Administrator, filed its Petition for Rehearing and Redetermination of Inheritance and Transfer Taxes. This petition, in substance, averred the order of the court erroneously determined the gross and net value of decedent's estate; the distributive interests of the beneficiaries of said estate and the tax due thereon. The order failed to determine the tax due on the real estate described in the petition and appraiser's report; that the order failed to assign any interest and determine the tax against the grantees of the real estate conveyed to them by decedent and in which he reserved a life interest. After a hearing the trial court denied this petition. This appeal followed.

The only error assigned here which presents a question is that the trial court erred in overruling appellant's motion for a new trial. The one specification in that motion is the decision of the court is contrary to law.

The appellee named herein and Ida Bauman, Alvin Bauman, Herman Bauman, Raymond Bauman, Henry Bauman and Martin Bauman petitioned this court and were granted an extension of time to file their briefs in answer to appellant's brief. Therefore, we cannot consider the numerous questions presented by the Baumans in their answer brief in reference to defects in the brief of appellant. *Celina Mutual Casualty Company* v. *Baldridge* (1937), 213 Ind. 198, 207, 12 N. E. 2d 258; *Industrial Machinery Co., Inc.* v. *Roberts* (1947), 225 Ind. 1, 5, 72 N. E. 2d 225. We are able to determine from the briefs the questions which appellant seeks to present.

The Baumans were not named as appellees in this court. However, as heretofore indicated, they were

parties to the record in the trial court. The failure to properly name parties is not jurisdictional. Rules 2-3, 2-6, Rules of the Supreme Court. Hence, this court does have jurisdiction of all the parties.

There is no merit to the contention that the judgment denying the petition was not an appealable final judgment. However, under Rule 2-3, *supra,* even if it were not, the issue presented is such that we could determine the question here presented.

Appellee Mertz in his brief contends that if the transfer of the real estate in DeKalb County by George Bauman to his sons, Henry W. Bauman and Martin J. P. Bauman, is a taxable transfer under the inheriance tax law, the tax must be assessed against the real estate involved or the owners of the real estate, and not against the personal representatives of the George Bauman estate.

Appellant here contends the transfer on January 20, 1939 by George Bauman to Martin J. P. Bauman and Henry W. Bauman was clearly a "gift or grant intended to take effect in possession or enjoyment at or after the death of the transferor"; that the trial court erred in failing to determine the tax on said real estate and in failing to make the tax a lien against the property so transferred. Therefore, the trial court erred in denying the petition for rehearing and redetermination of the tax and in failing to determine the tax due.

It being undisputed the transfer herein was a gift, we are of the opinion the transfer was such as to bring it within the provision of § 6-2401, par. 4, Burns' 1933. *Armstrong, Administrator* v. *State ex rel. Klaus, Auditor* (1919), 72 Ind.

App. 303, 312, 120 N. E. 717, 719; *People* v. *Tavener* (1921), 300 Ill. 373, 133 N. E. 211; *People* v. *Shaffer* (1919), 291 Ill. 142, 125 N. E. 887, 889.

Section 6-2430, Burns' 1933 (1947 Supp.), provides as follows:

> "Every such tax imposed by this act shall be, and remain, a lien upon the property transferred until paid, and the person to whom the property is so transferred and the administrators, executors, or trustees of every estate so transferred, shall be personally liable for the payment of such tax: Provided, That if no proceeding is taken to determine the inheritance tax on the property of any deceased person within ten (10) years after his death, it shall be conclusively presumed that no inheritance tax is due and all property of decedent shall be free and clear therefrom."

We are of the opinion that any inheritance taxes which may be due by the Baumans are a lien on the real estate transferred. The trial court should have determined the tax and established the same as a lien on the property transferred. The amount which may be due should be redetermined in accord with the provisions of §§ 6-2411, 2412, Burns' 1933.

Judgment reversed and cause remanded for further proceedings in accord with the views herein expressed.

Wiltrout, J.—Dissents.

NOTE.—Reported in 88 N. E. 2d 917.