COOK *v.* ALBRECHT ET AL.

[No. 18,967. Filed June 5, 1957.]

458

*Johnson & Carroll, Edwin W. Johnson* and *John Carroll,* of Evansville, for appellant.

*Frank M. Fish* and *E. H. Ireland,* of Evansville, for appellees.

CRUMPACKER, C. J.—This is an appeal from an order and judgment of the Probate Court of Vanderburgh County setting aside the probate of a purported will of one Anna M. Grossman, deceased, and the judgment of such court holding that Anna M. Grossman, deceased, died intestate.

The appellees have filed a motion to dismiss the appeal, or in the alternative, that the judgment be affirmed. The grounds of such motion include a specification that the assignment of errors does not comply with Rule 2-6 of the Rules of the Supreme Court, in that, in the title to said assignment of errors neither the appellant or appellees are named as required by such rule. Such rule, *inter alia,* contains the following:

"In the title to the assignment of errors all parties to the judgment seeking relief by the appeal shall be named as appellants, and all parties to the judgment whose interests are adverse to the interests of the appellants shall be named as appellees."

Such rule also states that "failure properly to name parties will not be treated as jurisdictional.

In the instant case the assignment of errors completely omits the names of any parties, either appellant or appellees, and, contains the designation of the cause as follows: "In the Matter of the Probate of the Last Will and Testament of Anna M. Grossman, deceased."

An examination of the rule in question and the authorities interpreting the rule, both before and after the 1943 amendment of the rules, seems to warrant the conclusion that where the failure to properly name parties will not be treated as jurisdictional under the rule, applies to cases of mispelled names of parties, the naming of an appellee as an appellant, or an appellant as an appellee, or the failure to designate the capacity of a party, or cases involving the omission of the names of some of the parties involved in the appeal who were parties to the record in the court below. Flanagan, Wiltrout and Hamilton, Sections 2402, 2403 and 2404, pages 169-174; *Ind. Dept. of State Rev.* v. *Mertz* (1949) 119 Ind. App. 601, 88 N. E. 2d 917.

However, from the assignment of errors in the instant case it is wholly impossible to determine the names of any of the parties, either appellant or appellees, who were parties to the record in the court below, and indulging the greatest liberality it would be impossible to determine from the assignment of errors who was appealing such cause adverse to any particular party whatsoever. Under such circumstances we are required to hold that the assignment of errors is insufficient.

Furthermore, following the filing of appellees' motion to dismiss this appeal no request was presented to this court for an amendment of such assignment of errors.

For the reasons given herein this court hereby sustains the appellees' motion to dismiss this appeal, and the appeal is hereby dismissed.

NOTE.—Reported in 143 N. E. 2d 431.