LAFAYETTE CHAPTER OF PROPERTY OWNERS ASSOCIATION *v.* CITY OF LAFAYETTE ET AL.

[No. 19,183. Filed March 30, 1959.]

Samuel M. Lehman, of Lafayette and Albert W. Ewbank, of Indianapolis, for appellant.

Joseph W. Carey, of Lafayette, Daniel N. Brewer, Ross, McCord, Ice & Miller and George L. Diven, Public Counselor of Public Service Commission, for appellees.

COOPER, C. J.—This is an attempted appeal for review of an order wherein the Public Service Commission of Indiana granted the city of Lafayette, Indiana, permission to issue waterworks revenue bonds. The assignment of errors is entitled:

"LAFAYETTE CHAPTER OF PROPERTY
    OWNERS ASSOCIATION,

                                        Appellant,

                    v.

THE CITY OF LAFAYETTE, INDIANA:
KENNETH R. SNYDER, as Mayor of said City;
ELTON V. McQUEEN, as Clerk of said City;
W. KEITH SCHILLING,
MARY ELLEN HAMILTON,
ARTHUR L. McCAS,
EDWARD M. YUILL,
FLOYD M. DAVIS,
NORMAN O. NEIBURGER,
JOHN W. CORNELL,
ELLIS A. ARNOLD,
MORTON W. CULVER,

As Members of and Constituting the
City Council of said City;

"WILLIAM K. BENNETT,
DONALD L. McCLURG,
GARL L. MASON,

As Members of and Constituting the
Board of Works of said City:

JOHN W. VanNESS
GARLAND G. SKELTON,
IRA L. HAYMAKER,

As Members of and Constituting the
Public Service Commission of Indiana;

GEORGE L. DIVEN, as Public Counselor of
the Public Service Commission of Indiana,

Appellees."

As the appellees herein have filed a Motion to Dismiss or that the order below be affirmed on several different grounds, the most pertinent reasons being Item Five, which reads as follows:

"5. The appellant is not an association especially created pursuant to the laws of the State of Indiana or elsewhere and is not a legal entity with the power to sue or be sued."

First we note from said assignment of errors filed herein that the above-named appellees, John W. Van-Ness, Garland G. Skelton and Ira L. Haymaker, as members of and constituting the Public Service Commission of Indiana, are erroneously named as appellees. These said appellees constitute the fact-finding administrative board from which this attempted appeal is being taken and are not parties to the order attacked by appellants in this particular appeal. They, therefore, could not be properly joined as a party appellee for they are not a party of interest

within the meaning of Rule 2-6 of the Supreme Court, 1949 Revision. The same applies to the Public Counselor of said Commission.

In construing Rule 2-6, *supra,* one court stated in the case of *Allmon et al.* v. *Review Board, etc., et al.* (1953), 124 Ind. App. 212, 215, 116 N. E. 2d 115, 116:

> "Rule 2-6 of the Supreme Court of Indiana, ■ 1949 Revision, contains the following:
> " 'In the title to the assignment of errors all parties to the judgment seeking relief by the appeal shall be named as appellants, and all parties to the judgment whose interests *are adverse* to the interest of the appellants shall be named as appellees.' "

> "Where the rule quoted says:
> " 'Failure properly to name parties will not be treated as jurisdictional.' "

> "refers to misspelling of names, initials or where incorrect given names are listed or other similar means of identification. It does not refer to where there is a total lack or failure on the part of those taking an appeal to name in the assignment of errors *the proper party appellants.*" (Our emphasis.)

In agreeing with this court's interpretation of said rule, our Supreme Court further said in the case of *Baugher* v. *Hall* (1958), 238 Ind. 170, 147 N. E. 2d 591, at 594:

> "(4, 5) Amended Rule 2-6 still requires an assignment of errors. As we construe the rule, it does not dispense with the necessity of naming ■ in the assignment of errors 'all parties to the judgment seeking relief by the appeal' and 'all parties to the judgment whose interests are adverse to the interests of the appellants.' Rule 2-6 does not say 'Failure to name parties will not be treated as jurisdictional.' The word *'properly'* limits the application and effect of the new jurisdictional rule adopted. The ordinary meaning of 'properly' is 'Suitably; fitly; strictly; rightly; cor-

rectly'; Webster's New Int. Dict. (2d Ed.) Unabridged. It may be that Rule 2-6 should be further amended, but as it stands it is now the law of this jursidiction on appeals, and we as well as the parties to the judgment in the trial court are bound by it.

"(6) The Receiver is not named at all in the assignment of errors. Only one party is named as appellant. The others cannot be brought in by reference to the transcript. In view of the well settled decisions before the 1943 amendment of Rule 2-6, neither this court nor the Appellate Court had jurisdiction of this appeal." (Our emphasis.)

The reason for the rule that all parties to the judgment must be parties to the appeal is to prevent numerous appeals and to hold all the parties having beneficial interests harmless from either multiplicity of appeals, delay or loss. The second reason is that under our practice there should be a uniform method of naming parties in bringing appeals which would prevent misunderstandings or dispel any doubt as to the standings of the parties occasioned by their position on appeal as placed there by those who bring the appeal.

The question presented in the appellees' motion to dismiss this appeal, which we have hereinbefore set out, is, can an unincorporated association of numerous persons, without any express statutory authorization, sue or be sued in the association name? The appellant Association, in answer to the appellees' motion to dismiss, admits that it is not a legal entity within the meaning of the term.

It is the general rule of law that if an association, like a corporation, is created by the legislative authority and endowed with certain rights and obligations, it is recognized by the law as an artificial person possessed of the right to sue and be sued. On the other hand, the rule, as stated by our Supreme

Court in the case of *Karges Furniture Co.* v. *Amalgamated, etc., Union* (1905), 165 Ind. 421, 423, 424, 75 N. E. 877, is:

". . . in the absence of an enabling statute defining the rights and liabilities of the members, societies, associations, partnerships, and other bodies, combined under their own rule, for their own private benefit, and without any express sanction of law, are not, in the collective capacity and name, recognized at common law as having any legal existence distinct from their members; hence no power to sue or be sued in the company name. Such unincorporated associations, so far as their rights and liabilities are concerned, are rated as partnerships, and to enforce a right either for or against them, as in partnerships, the names of all the individual members must be set forth either as plaintiffs or defendants. *Hays* v. *Lanier* (1833), 3 Blackf. *322; *Hughes* v. *Walker, Carter & Co.* (1835), 4 Blackf. 50; *Holland* v. *Butler* (1839), 5 Blackf. 255; *Livingston* v. *Harvey* (1858), 10 Ind. 218; *Adams Express Co.* v. *Hill* (1873), 43 Ind. 157; *Pollock* v. *Dunning* (1876), 54 Ind. 115; 22 Ency. Pl. and Pr., 230, 242, and cases collated."

See also §7.24, p. 182, and §8.11, p. 227, Lowe's Revision of Works' Indiana Practice and Pleading, Vol. I, and authorities cited, 4 Am. Jur., §46.

This brings us to another proposition which confronts us in this matter. The applicable statute authorizing appeals from Public Service Commission orders and findings, insofar as it relates to this motion, provides:

"Any person, firm, *association*, corporation, city, town or public utility *adversely affected* by any decision, ruling or order of the Public Service Commission of Indiana, may, within thirty (30) days from the date of entry of such decision, ruling, or order, appeal to the Appellate Court of Indiana . . ." (Our emphasis.) Burns', §54-443 1951 Repl. (1957 Cum. Pocket Supp.).

In construing the word, association, as used in the

foregoing Act, we believe the legislature meant only such recognized groups of societies which have been recognized by the legislature and vested with certain powers, among them the power to sue or be sued.

Furthermore, the record in this case discloses that there were many parties who were interested in this action below, and it would be most impractical to name all of them as party appellants in this cause.

Sec. 2-220, Burns', 1946 Replacement, provides:

". . . when the question is one of a common or general interest of many persons, or where the parties are numerous and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of the whole."

Our Supreme Court, in construing the aforesaid section of the statute, has held that in the absence of a statute relative to parties on appeal, the aforesaid section, and §§2-213, 2-219, Burns', 1946 Replacement, govern, *Buchanan* v. *Morris* (1926), 198 Ind. 79, 151 N. E. 385, and that this section authorized one or more of the persons, for the benefit of the whole, to prosecute or defend throughout all the stages of the action including appeal. *Board of Comrs. of Vanderburgh County* v. *Sanders* (1940), 218 Ind. 43, 30 N. E. 2d, 713. Thus, it is apparent that the members of the Association, or one or more thereof, might have appealed this cause for the benefit of the whole under §2-220, *supra*, or §54-443, *supra*. This was not done.

It is our opinion, therefore, that The Lafayette Chapter of Property Owners Association is not a legal entity with power to sue and be sued and is without power to prosecute and maintain this appeal as an appellant.

It appearing that the time for filing a proper assignment of error under Rule 2-2 has long passed, and that

no proper proceeding or petition has been taken or filed by anyone on his own behalf, or for the benefit of the whole membership of said Association for authority to be made a party appellant as provided for by law. The belated motion of The Lafayette Chapter of Property Owners Association to amend its assignment of error is denied. This attempted appeal is hereby dismissed.

Ryan, J., and Smith, J., not participating.

NOTE.—Reported in 157 N. E. 2d 287.