## WILSON v. ESTATE OF W. L. KINGS

[No. 19,257. Filed November 15, 1960. Rehearing denied January 11, 1961.]

*Sidney E. McClellan,* of Muncie, for appellant.

*Marshall E. Hanley,* of Muncie, *James C. Courtney* and *Jack C. Brown,* both of Indianapolis, for appellee.

MYERS, J.—This cause arises as the result of an amended claim having been filed by appellant, Leola Wade Wilson, against the named appellee, Estate of W. L. Kings [Deceased], in the Delaware Circuit Court of Delaware County, Indiana. A demurrer was filed to the amended claim on the ground that it did not state facts sufficient to consitute a cause of action for claim against the estate. The court sustained this demurrer and entered judgment thereon when appellant failed to plead over. This appeal is from that judgment.

The transcript and assignment of errors were duly filed with the Clerk of this Court on November 17, 1958. Appellant's brief was filed on January 15, 1959. Appellee's answer brief was filed March 31, 1959, and appellant's reply brief was filed on May 19, 1959. Appellee's brief is on the merits.

Upon examining the assignment of errors as filed in the transcript, we find the caption reads as follows: "Leola Wade Wilson Appellant vs Estate of W. L. Kings Appellee."

An examination of the record reveals that a "Merchants Trust Company, executor of the estate of W. L. Kings, deceased," filed a demurrer to the amended claim and requested entry of judgment after the court had sustained it. Thus, there was a personal representative of the estate at the time of entry of judgment. This personal representative is not named as a party to this appeal in the assignment of errors.

It has been held many times by the Supreme and Appellate Courts of Indiana that the estate of a decedent cannot be a party to an action without a representative. The mere naming of the estate as the party appellee is insufficient, as an estate is not a legal entity. The effect is the same as if no party appellee had been named in the assignment of errors. *Otolski* v. *Estate of Nowicki* (1959), 129 Ind. App. 492, 158 N. E. 2d 296; *Carr* v. *Schneider's Estate* (1943), 114 Ind. App. 149, 150, 51 N. E. 2d 392; *Dallam* v. *Stockwell's Estate* (1904), 33 Ind. App. 620, 71 N. E. 911; *Guernsey's Estate* v. *Pennington* (1904), 33 Ind. App. 119, 70 N. E. 1008; *The Estate of Joseph Peden, Deceased* v. *Noland* (1873), 45 Ind. 354; *The Estate of Thomas* v. *Service* (1883), 90 Ind. 128; *The Estate of Wells* v. *Wells* (1880), 71 Ind. 509; *Dunn* v. *Estate of Evans* (1902), 28 Ind. App. 447, 63 N. E. 36.

There is a fatal defect in the failure to name the personal representative of the deceased in this case as a party appellee. This is jurisdictional and obliges us to dismiss the appeal. *Otolski* v. *Estate of Nowicki, supra; Baugher et al.* v. *Hall Receiver, etc.* (1958), 238 Ind. 170, 147 N. E. 2d 591; *Lafayette Chapter etc.* v. *City of Lafayette* (1959), 129 Ind. App. 425, 157 N. E. 2d 287; Flanagan, Wiltrout and Hamilton's *Indiana Trial and Appellate Practice*, Assignment of Errors, Ch. 47, §2404, pp. 172, 173.

There was no motion to dismiss filed herein. However, when no jurisdiction exists, the appeal may be dismissed by the court upon its own motion without any suggestion from the parties. *Otolski* v. *Estate of Nowicki, supra.*

Appeal dismissed.

## ON PETITION FOR REHEARING

MYERS, J.—Appellant has filed a petition for rehearing in this case, alleging in substance that we have interpreted Supreme Court Rule 2-6 erroneously; that since a claim may be filed in an estate without naming the personal representative, who becomes a party defendant by operation of law, the same rule should apply on appeal; that an estate is a legal entity, a person in contemplation of law, and failure to name the personal representative thereof in the assignment of errors on appeal may be corrected pursuant to the provisions of Rule 2-6; that appellee has waived any question of jurisdiction by appearing in this appeal and filing its brief on the merits.

The material part of Rule 2-6 as it applies in this case reads as follows:

"In the title to the assignment of errors all parties to the judgment seeking relief by the appeal shall be named as appellants, and all parties to the judgment whose interests are adverse to the interests of the appellants shall be named as appellees. Assignment of cross-errors shall use the same title, but immediately thereafter shall designate the parties seeking relief and those against whom relief is sought by assignment of cross-errors. Failure properly to name parties will not be treated as jurisdictional. Amendments may be permitted upon such terms as the court shall direct."

This rule pertains to the assignment of errors in an appeal specifically. It has no relationship to prior proceedings in the trial court, so the fact that a personal representative may be brought in as a party by operation of law without being named when a claim is filed against an estate in the lower court, is of no consequence herein.

It has been said many times that the assignment of errors is in the nature of a complaint by the appellant in the appellate tribunal. Flanagan, Wiltrout and Hamilton's *Indiana Trial and Appellate Practice,* §2382, page 152, and authorities cited therein; *Bolden* v. *State* (1956), 235 Ind. 695, 131 N. E. 2d 301. Without a proper assignment of errors this court acquires no jurisdiction over the subject-matter of the appeal. *Baugher et al.* v. *Hall, Receiver, etc.* (1958), 238 Ind. 170, 147 N. E. 2d 591. Where there is a failure to properly name parties, either as appellants or appellees, the assignment of errors is defective and ineffectual. Such requires a dismissal of the appeal. *Baugher et al.* v. *Hall, Receiver, etc., supra; Cook* v. *Albrecht et al.* (1957), 127 Ind. App. 457, 143 N. E. 2d 121. The fact that the appellee herein appeared and filed a brief on the merits does not waive the question of jurisdiction, it being the duty of this court to decide

the matter in spite of the fact that appellee did not raise it by motion to dismiss. *Jenkins* v. *Steele* (1913), 55 Ind. App. 11, 102 N. E. 139, 103 N. E. 365; *Otolski* v. *Estate of Nowicki* (1959), 129 Ind. App. 492, 158 N. E. 2d 296.

Appellant argues that an estate of a deceased person is a legal entity, and that failure to name the personal representative as a party appellant comes within the provisions of Rule 2-6, which says:

> "Failure properly to name parties will not be treated as jurisdictional."

This sentence has been interpreted by the Supreme Court in the *Baugher* case, *supra,* wherein the following statement was made (at page 176 of 238 Ind., at page 594 of 147 N. E. 2d):

> "Amended Rule 2-6 still requires an assignment of errors. As we construe the rule, it does not dispense with the necessity of naming in the assignment of errors 'all parties to the judgment seeking relief by the appeal' and 'all parties to the judgment whose interests are adverse to the interests of the appellants.' Rule 2-6 does not say 'Failure to name parties will not be treated as jurisdictional.' The word *'properly'* limits the application and effect of the new jurisdictional rule adopted. The ordinary meaning of 'properly' is 'Suitably; fitly; strictly; rightly; correctly'; Webster's New Int. Dict. (2d Ed.) Unabridged. It may be that Rule 2-6 should be further amended, but as it stands it is now the law of this jurisdiction on appeals, and we as well as the parties to the judgment in the trial court are bound by it."

Appellant presents us with two cases which she claims substantiate her position that an estate is a person, and thus a party to the appeal, although not properly named. In the case of *Billings* v. *State* (1886), 107 Ind.

54, 55, 6 N. E. 914, 7 N. E. 763, a criminal information charged the appellant with forging the name of a deceased person to a promissory note for the purpose of defrauding the estate of the deceased. The objection urged against the information was that it did not aver the forgery was committed with the intent to defraud "any person," reasoning that the law does not regard the estate of a decedent as a person. The court stated:

> "The estate of a decedent is a person in legal contemplation."

It held that the information stated a valid offense. But it also stated that unless this definition was accepted there would be a failure of justice in cases of this type. It must be remembered that this was a criminal and not a civil case.

In *Taggart, Administrator* v. *Tevanny* (1891), 1 Ind. App. 339, 346, 27 N. E. 511, 512, there was an appeal from a jury's verdict awarding appellee a sum of money based on a claim filed against an estate. One of the grounds of error on appeal was that the administrator had never been made a party to the action in the trial court. This court overruled that contention, stating that there was no merit to the assignment because the statute which governed the filing of claims did not require the personal representative to be named at that time. (Present law regarding the filing of claims is substantially the same in the Probate Code enacted in 1953, §7-802, Burns' Ind. Stat. [Supp.]) This court made the following statement:

> "It has been held that the estate of a decedent *is* a person, and recognized as such in law", citing the *Billings* case.

However, the court continues:

".. . but we do not place our ruling upon that ground."

It then reiterates that, pursuant to the statute, it is not a prerequisite to the action that the name of a personal represenative be endorsed on the claim as a defendant.

In our opinion, these cases are not controlling. First, because the *Billings* case involved a criminal matter, which puts it into an entirely different category from that of the civil procedure in probate matters; and, secondly, because the holding of the court in the *Tevanny* case was not based on the premise that the estate of a decedent is a person. Furthermore, these cases have been superseded by other later decisions of our Supreme and Appellate Courts which have held consistently that an estate being named as such in an assignment of errors is not a party appellant or appellee, giving the court jurisdiction to hear the appeal. See cases cited in our original opinion herein. The *Baugher* case, *supra,* positively stated (at page 171 of 238 Ind., at page 592 of 147 N. E. 2d):

"An *estate,* a receivership, a trusteeship are not parties to the judgment in the lower court *because they are not legal entities."* (Our emphasis.)

If an estate is not considered a party to the judgment in the lower court, it certainly cannot be considered as such in this court. Since this is the law of this jurisdiction, as settled in the *Baugher* case, *supra,* we are bound by it.

Petition for rehearing denied.

NOTE.—Reported in 170 N. E. 2d 63. Rehearing denied 171 N. E. 2d 485.