ESTATE OF GORDON *v.* NICHOLSON.

[No. 19,435. Filed April 28, 1961. Rehearing denied June 15, 1961.]

*Allen & Thompson* and *William L. Thompson,* of Salem, for appellant.

*George H. Gossman,* of Seymour, *Ralph Hamill* and *Robert Hollowell,* both of Indianapolis, for appellee.

AX, C. J.—This purports to be an appeal from the finding and judgment of the Washington Circuit Court in allowing the claim of Elma Nicholson in the Estate of Mary N. Gordon, deceased. The Assignment of Errors is as follows:

ESTATE OF MARY GORDON, Deceased

v.

ELMA NICHOLSON

ASSIGNMENT OF ERRORS

Comes now Appellant and avers that there is manifest error in the judgment and proceeding in this cause, which is prejudicial to Appellant, in this:

1. The court erred in overruling Appellant's Motion for New Trial.

ALLEN & THOMPSON
By /s/ Wm. L. Thompson
Attorneys for Appellant

The appellee, Elma Nicholson, has filed her motion asking that this appeal be dismissed, or in the alternative that the judgment below be affirmed upon several grounds set out in said motion. By reason of our opinion herein we need only to discuss the ground that this court has no jurisdiction by reason of the fact that the appeal is not prosecuted by any proper person and there is consequently no proper appellant named in the assignment of errors.

As shown by the above Assignment of Errors, the sole appellant named is "Estate of Mary Gordon, Deceased." The statute authorizing appeals in probate matters is §6-122, Burns' 1953 Revision, the same being §122 of Chapter 12, Acts 1953 (Probate Code), and is as follows:

> "*Appeals.*—Any person considering himself aggrieved by any decision of a court having probate jurisdiction in proceedings under this code may prosecute an appeal to the court having jurisdiction of such appeal. Such appeal shall be taken as appeals are taken in civil causes. Executors, administrators, guardians and fiduciaries may have a stay of proceedings without bond. (Acts 1953, ch. 112, Sec. 122, p. 295.)"

An appeal is authorized only by "a person" and it is obvious that an estate is not a person. The meaning

of the "Estate of Mary Gordon" as the sole appellant has the effect as if no party appellant had been named in the Assignment of Errors. Consequently, there is no appeal and no jurisdiction of this court has been involved.

In the very recent case of *Wilson* v. *Estate of W. L. Kings* (1960), 131 Ind. App. 412, 170 N. E. 2d 63, Judge Myers, speaking for this court said at page 64:

"It has been held many times by the Supreme and Appellate Courts of Indiana that the estate of a decedent cannot be a party to an action without a representative. The mere naming of the estate as the party appellee is insufficient, as an estate is not a legal entity. The effect is the same as if no party appellee had been named in the assignment of errors. *Otolski* v. *Nowicki's Estate* Ind. App. (1959), 158 N. E. 2d 296; *Carr* v. *Schneider's Estate* (1943), 114 Ind. App. 149, 150, 51 N. E. 2d 392; *Dallas* v. *Stockwell's Estate* (1904), 33 Ind. App. 620, 71 N. E. 911; *Guernsey's Estate* v. *Pennington* (1904), 33 Ind. App. 119, 70 N. E. 1008; *Estate of Peden* v. *Noland* (1873), 45 Ind. 354; *Estate of Thomas* v. *Service* (1883), 90 Ind. 128; *Estate of Wells* v. *Wells* (1880), 71 Ind. 509; *Dunn* v. *Estate of Evans* (1902), 28 Ind. App. 447, 63 N. E. 36.

"There is a fatal defect in the failure to name the personal representative of the deceased in this case as a party appellee. This is jurisdictional and obliges us to dismiss the appeal. *Otolski* v. *Nowicki's Estate, supra; Baugher et al* v. *Hall* (1958), 238 Ind. 170, 147 N. E. 2d 591; *Lafayette Chapter of Property Owners Ass'n.* v. *City of Lafayette* (1959), 129 Ind. App. 425, 157 N. E. 2d 287; Flanagan, Wiltrout and Hamilton's Indiana Trial and Appellate Practice, Assignment of Errors, ch. 47, Sec. 2040, pp. 172, 173.

"There was no motion to dismiss filed herein. However, when no jurisdiction exists, the appeal may be dismissed by the court upon its own motion without any suggestion from the parties. *Otolski* v. *Nowicki's Estate, supra.*"

In the case of Estate of *Guernsey* v. *Pennington* (1904), 33 Ind. App. 119, 70 N. E. 1008, it is said:

"Appellee has moved to dismiss this appeal, for the reasons that the record fails to show that the appeal is prosecuted by any proper person, and that the assignment of errors does not contain the full names of the parties. Appellee's objection is well taken. It is a well established rule in the courts of appeal in this State that the estate of a dead man can not be a party to an action without some representative. To this effect are the following decisions: *Estate of Peden* v. *Noland,* 45 Ind. 354; *Estate of Wells* v. *Wells,* 71 Ind. 509; *Estate of Thomas* v. *Service,* 90 Ind. 128; *Dunn* v. *Estate of Evans,* 28 Ind. App. 447, and in the recent case of *Whisler* v. *Whisler,* 162 Ind. 136, the same rule was announced, and the cases heretofore mentioned were cited with approval."

Both of the foregoing appeals were dismissed by this Court.

In the case of *Estate of Wells* v. *Wells* (1880), 71 Ind. 509, at page 509, it is said:

"The estate of a dead man can not be a party to a suit without some representative; and the suit should be carried on in the name of the representative as such. . . ."

The above decisions and the authorities cited therein compel dismissal of this appeal.

Appellee has furnished this court with the above citations indicating extensive research for which we are grateful. Although this court prefers when possible to decide cases on the merits, and although it might appear that we are being too technical in this case, nevertheless we are bound by case law and legal precedents.

Appeal dismissed.

NOTE.—Reported in 174 N. E. 2d 56.