FARMERS MUTUAL INSURANCE CO. AND AMERICAN STATES INSURANCE CO. *v.* SUMMERS

[No. 20,280. Opinion on Motion to Dismiss filed March 17, 1966. Opinion on Merits filed October 29, 1968.]

*Spencer & Robinson,* of Huntington, for appellants.

*Howard J. DeTrude, Jr., Mark W. Gray* and *Armstrong, Gause, Hudson & Kightlinger,* of Indianapolis, for appellant American States Insurance Co.

*Russell J. Wildman* and *Cole Wildman & Cole,* of Peru, for appellee.

HUNTER, J.—This case is presently before the court on the motions to dismiss of the appellant American States and the appellee Summers. These motions contend that American States was improperly named as an appellant for it did not file a motion for a new trial. In addition, the motions contend that American States' interest is adverse to that of the appellant Farmers Mutual. These motions further contend that under Supreme Court Rule 2-6 this appeal should be dismissed as American States was improperly named as an appellant rather than as an appellee.

In substance this rule provides that all parties to the judgment seeking relief shall be named as appellants and all parties to the judgment with adverse interests as to the appellants shall be named as appellees. Failure to properly name the parties is not jurisdictional and amendments are to be permitted at the court's discretion. In accordance with this rule, we agree that American States should have been named as an appellee.

Previous to this rule (1943) there was much confusion as to what failures in this regard were jurisdictional and what were not. Even after the rule, this court and the Supreme Court continued to treat a complete failure to name

a party to the appeal from the lower court's judgment as jurisdictional. See *Allmon et al. v. Review Board, etc., et al.* (1953), 124 Ind. App. 212, 116 N. E. 2d 115 and *Baugher et al. v. Hall, Receiver, etc.* (1958), 238 Ind. 170, 147 N. E. 2d 591.

However, these matters were partially clarified in *Jasper & Chicago Mtr. Exp. v. Ziffrin Truck Lines* (1961), 241 Ind. 643, 175 N. E. 2d 20, and further in *Haney v. Denny's Estate* (1962), 135 Ind. App. 317, 183 N. E. 2d 346. In the latter, this court stated at p. 321:

> "It may be fairly said, we think, that by its Per Curiam opinion in said Ziffrin case (as reported in said 175 N.E. 2d 20) the Supreme Court evinced its intention of departing from the rule generally adhered to by both the Supreme Court and our court before and after the amendment of Rule 2-6 in 1943, *to the effect that the failure to name parties, either as appellants or appellees, is fatal to the appeal on jurisdictional grounds,* except where modified by statute" (our emphasis).

The court continued by stating that where the party in error attempted to correct the failure by amendment after due notice of said error, this should be permitted. It definitely was not jurisdictional in the first instance.

It should be noted that these cases are addressed to the problem of "the complete failure to name parties either as appellants or appellees". In the case at bar, we are not concerned with a complete failure to name all the parties to an appeal; here it is only an error in labeling a party as an appellant rather than as an appellee.

Even before Rule 2-6 was presented, our Supreme Court stated that errors in mis-naming parties as appellants or appellees were not jurisdictional In *Buchanan v. Morris* (1926), 198 Ind. 79, 151 N. E. 385, the court denied a motion to dismiss on these grounds and continued to decide the case on its merits. Our court has re-

affirmed this in *Cook v. Albrecht et al.* (1957), 127 Ind. App. 457, 143 N. E. 2d 121, 122, where this court stated at p. 459:

An examination of the rule in question and the authorities interpreting the rule, both before and after the 1943 amendment of the rules, seems to warrant the conclusion that where the failure to properly name parties will not be treated as jurisdictional under the rule, applies to cases of mispelled names of parties, the *naming of an appellee as an appellant, or an appellant as an appellee,* or the failure to designate the capacity of a party, or cases involving the omission of the names of some of the parties involved in the appeal who were parties to the record in the court below. (citing) Flanagan, Wiltrout and Hamilton, Sections 2402, 2403 and 2404, pages 169-174; *Ind. Dept. of State Rev. v. Mertz* (1949), 119 Ind. App. 601, 88 N. E. 2d 917." (Our emphasis).

Consequently, the appellant Farmers Mutual is granted leave to amend its assignment of errors by naming American States as an appellee within twenty (20) days.

The motions to dismiss are denied contingent on the appellant's compliance with the order to amend as herein indicated.

The appellee American States' petition for a thirty (30) day extension of time to file a brief on the merits is granted with the time commencing the date of the appellant's compliance with this order.

Since the appellee, Summers, has not submitted a brief on the merits which was due on December 18, 1964, he has waived his privilege to file his brief as an appellee. From a review of the record it is abundantly clear that the appellee Summers' right to recover for his loss is unquestioned.

Therefore, the sole question on this appeal is the extent of the respective liabilities of the insurance companies under their contracts.

Motions to dismiss denied.

Smith, P.J., Bierly and Mote, JJ., concur.

NOTE.—Reported in 214 N. E. 2d 800.