**In re Linda A. TRUTKO-CLAYTON, Debtor.**

**Estate of John F. Valich, Plaintiff,**

v.

**Linda A. Trutko–Clayton, Defendant.**

**Bankruptcy No. 07–20474.**
**Adversary No. 07–2055.**

United States Bankruptcy Court,
N.D. Indiana,
Hammond Division.

Dec. 27, 2007.

Suzanne Goldsmith, Suzanne Goldsmith, Whiting, IN, for Plaintiff.

Lenore L. Heaphey, Merrillville, IN, for Defendant.

### ORDER CONCERNING MOTION TO DISMISS

J. PHILIP KLINGEBERGER, Bankruptcy Judge.

In this adversary proceeding, the Estate of John F. Valich (the "Estate") alleges that a debt in the amount of $41,808.72 arising out of a judgment entered against the Debtor, Linda A. Trutko–Clayton ("Trutko–Clayton" or "Defendant"), is excepted from discharge under 11 U.S.C. § 523(a)(4). According to the adversary complaint filed by the Estate, the Lake Superior Court determined in a judgment, entered on September 1, 2004, under cause number 45D02–0302–EU–00006, that the Debtor, while acting as the executor of the Estate, not only mismanaged Estate monies but also failed to properly account for monies and stole assets belonging to the Valich Estate.

In lieu of an answer, on June 8, 2007, Trutko–Clayton, by counsel, filed a motion

to dismiss pursuant to Fed. R. Bankr.P. 7012/ Fed.R.Civ.P. 12(b)(1) and 12(b)(6). She made two arguments in support of her position. The first is that the Estate lacks standing to bring the foregoing lawsuit and, as a result, the Court does not have subject matter jurisdiction over this action, and therefore must dismiss the case pursuant to Rule 12(b)(1). The second argument is that the Estate is not the proper party to this action, and as a result the complaint fails to state a claim upon which relief can be granted and must be dismissed pursuant to Rule 12(b)(6). In both instances the Defendant seems to be raising the affirmative defense of lack of capacity as provided by Fed.R.Bankr.P. 7017/ Fed.R.Civ.P. 17(a) and (b).

■ Before determining the foregoing issues, a brief review of the applicable standards is appropriate. First, as to the Defendant's argument under Fed. R.Bankr.P. 7012/ Fed.R.Civ.P. 12(b)(1) concerning the Court's subject matter jurisdiction, a bankruptcy court has subject matter jurisdiction over "civil proceedings arising under title 11, or arising in or related to cases under title 11", to the extent those cases are referred to it by the district court; *See,* L.R. 200.1(a)(1), by which the United States District Court for the Northern District of Indiana has vested the United States Bankruptcy Court for the Northern District of Indiana with the maximum subject matter jurisdiction legally allowed; *Doctors Hospital of Hyde Park, Inc. v. Desnick, et al.,* 308 B.R. 311, 317 (Bankr.N.D.Ill.2004); 28 U.S.C. § 1334(b); 28 U.S.C. § 157(a). A case "arises under" Title 11 and is within the core jurisdiction of the court when the cause of action is based on a right or remedy expressly provided in the Bankruptcy Code. *Id.; In re Kewanee Boiler Corp.,* 270 B.R. 912, 917 (Bankr.N.D.Ill.

2002). As stated in *In re FedPak Systems,* 80 F.3d 207, 213 (7th Cir.1996):

As the U.S. Supreme Court explained recently, the jurisdiction of the bankruptcy courts, like that of other federal courts, is grounded in and limited by statute." *Celotex Corp. v. Edwards,* U.S.[, 514 U.S. 300,] 115 S.Ct. 1493, 1498, 131 L.Ed.2d 403 (1995).

We begin with the bankruptcy jurisdiction of the district courts, which extends to "all civil proceedings arising under title 11, or arising in *or related to* cases under title 11." 28 U.S.C. § 1334(b) (emphasis added). Bankruptcy judges "constitute a unit of the district court," 28 U.S.C. § 151, and the district court may refer to them "any or all proceedings arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 157(a). The jurisdiction of the bankruptcy courts is thus "derivative" because it flows from the statutory grant of jurisdiction to the district courts. *In re K & L, Ltd.,* 741 F.2d 1023, 1028 (7th Cir.1984). To summarize, this jurisdiction includes the power to adjudicate proceedings "arising in," "arising under," or "related to" a case under title 11. *Zerand–Bernal Group, Inc. v. Cox,* 23 F.3d 159, 161 (7th Cir. 1994).

Next, when deciding a motion brought pursuant to Fed. R. Bankr.P. 7012/ Fed. R.Civ.P. 12(b)(6), the applicable standard requires the Court to accept all well pleaded factual allegations in the complaint as true. *Miree v. DeKalb County,* 433 U.S. 25, 27 n. 2, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977). The pleadings and all reasonable inferences drawn from the pleadings must be construed in a light most favorable to the non-moving party. *In re Chinin U.S.A., Inc.,* 327 B.R. 325, 331 (Bankr. N.D.Ill.2005) (citing, *Prince v. Rescorp Realty,* 940 F.2d 1104(7th Cir.1991)); *Janow-*

*sky v. United States*, 913 F.2d 393 (7th Cir.1990); *Rogers v. United States*, 902 F.2d 1268 (7th Cir.1990); *Craigs, Inc. v. General Electric Capital Corp.*, 12 F.3d 686, 688(7th Cir.1993). However, a Court is neither bound by the plaintiff's legal characterization of the facts, nor required to ignore facts set forth in the complaint that undermine the plaintiff's claims. *Scott v. O'Grady*, 975 F.2d 366, 368 (7th Cir.1992). Dismissal with prejudice is only appropriate if it appears that no set of facts could entitle the plaintiff to relief. *In re Chinin U.S.A., Inc.*, 327 B.R. at 331 (*citing, Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957)).

■ The adversary complaint at issue is very much to the point and simply requests that a debt arising out of a state court judgment be excepted from discharge pursuant to 11 U.S.C. § 523(a)(4). Without question, this Court has subject matter jurisdiction over this type of action, as the relief clearly "arises under" a specific provision of Title 11 of the United States Bankruptcy Code. But the crux of the Defendant's argument is not focused on whether an action under § 523(a)(4) "arises under" the Bankruptcy Code; rather, the Defendant contends that because the Estate is not the *proper party* to bring the action then *ipso facto*, the Court does not have subject matter jurisdiction.

■ This contention is incorrect. The fact that an initiating party may not have the capacity to file a lawsuit does not mean that the Court does not have subject matter jurisdiction to ultimately hear the substantive allegations alleged in the complaint; these are two mutually exclusive concepts. On the one hand, the defense of lack of capacity can be waived if it is not timely and specifically asserted by the party challenging it; *FDIC v. Calhoun*, 34 F.3d 1291, 1299(5th Cir.1994). On the other hand, subject matter jurisdiction cannot

be waived by a party, nor can the parties stipulate to a matter being heard in federal court when there is a lack of subject matter jurisdiction. *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167 (1939). As stated in *Roche v. Country Mutual Insurance Co.*, 2007 WL 2003092 (S.D.Ill.2007):

Turning first to the question of whether, as a real party in interest, Corvel must be joined, the Supreme Court of the United States clarified recently that the requirement set out in Rule 17 of the Federal Rules of Civil Procedure that "[e]very action shall be prosecuted in the name of the real party in interest" generally has no bearing on the scope of federal subject matter jurisdiction, save in a narrow class of cases where there has been collusion to manufacture federal jurisdiction or a nominal party has been joined to defeat such jurisdiction. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 126 S.Ct. 606, 613–14, 163 L.Ed.2d 415 (2005) (quoting Fed.R.Civ.P. 17(a)) (emphasis omitted).

Therefore, the potential lack of capacity of a party plaintiff to sue does not negate the subject matter jurisdiction of the Court to hear a matter brought pursuant to 11 U.S.C. § 523(a)(4). Therefore, the Defendant's motion to dismiss pursuant to Fed.R.Bankr.P. 7012/Fed.R.Civ.P. 12(b)(1) must be denied.

Next, as to the Defendant's argument concerning Fed.R.Bankr.P. 7012/ Fed.R.Civ.P. 12(b)(6), the Estate has pled, with an adequate amount of specificity, facts which—if true—may allow the Court to rule that the subject debt is excepted from discharge. But again, the Defendant does not argue that there are no set of facts which *entitle the plaintiff to relief*. Rather, the Defendant's argument is that because the estate is not the proper party to bring the action, the complaint does not

state a claim upon which relief can be granted and must be dismissed.

■ Technically, Rule 12(b)(6) does not expressly provide for the defense of lack of capacity as a ground for dismissal. Rather, this defense is specifically provided for by Fed.R.Bankr.P. 7017/Fed.R.Civ.P. 17. However, as a practical matter, some courts have allowed the utilization of Rule 12(b)(6) when a defect appears on the face of the complaint or as a means to raise a statute of limitations defense. In fact, some courts in the Seventh Circuit have stated that a motion to dismiss is the proper mechanism to raise a lack of capacity issue. *See, Cooper v. Wal–Mart Stores, Inc.,* 959 F.Supp. 964, 966 n. 2 (C.D.Ill. 1997) (case law supports the notion that capacity issues under Rule 17(b) may be raised by motion to dismiss). The Court agrees with this concept, and to some extent it stands to reason that a party who does not have the capacity to file a lawsuit could *never* state a claim upon which relief could be granted.

■ Regardless, the focus of the Defendant's motion is not the provisions of Rule 12(b)(6), but rather the provisions of Fed.R.Bankr.P. 7017/Fed.R.Civ.P. 17. Rule 17(b) states:

**(b) Capacity to Sue or be Sued.** The capacity of an individual, other than one acting in a representative capacity, to sue or be sued shall be determined by the law of the individual's domicile. The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held, except (1) that a partnership or other unincorporated association, which has no such capacity by the law of such state, may sue or be sued in its common name for the purpose of enforcing for or

against it a substantive right existing under the Constitution or laws of the United States, and (2) that the capacity of a receiver appointed by a court of the United States to sue or be sued in a court of the United States is governed by Title 28, U.S.C., Sections 754 and 959(a).

Therefore, the issue is whether under Indiana law the Estate, in and of itself, was the proper party to file this action. Indiana Code § 29–1–13–3 is instructive in this regard and provides as follows:

**Every personal representative shall have full power to maintain any suit in any court of competent jurisdiction, in his name as such personal representative, for any demand of whatever nature due the decedent or his estate or for the recovery of possession of any property of the estate** or for trespass or waste committed on the estate of the decedent in his lifetime, or while in the possession of the personal representative; but he shall not be liable, in his individual capacity, for any costs in such suit, and shall have power, at his option, to examine the opposite party under oath, touching such demand. (Emphasis added.)

The plain meaning of the foregoing statute is clear and unambiguous. It is the personal representative who has the exclusive authority to bring an action on behalf of the probate estate—*not* the estate itself. As stated in *Baker v. State Bank of Akron,* Ind.App. 44 N.E.2d 257, 261 (1942): "actions to recover the personal estate or its value must be brought by the executor or administrator, and not by the heirs, legatees, or distributees". The text, structure and history of Indiana probate law thus point to the preservation of the personal representative's exclusive authority to maintain suit for any demand due the decedent or his estate. *Inlow v. Henderson,*

818

*Daily, Withrow & DeVoe,* Ind.App. 787 N.E.2d 385, 394 (2003). As stated in *Wilson v. Estate of Kings,* 131 Ind.App. 412, 170 N.E.2d 63, 64 (1960):

> It has been held many times by the Supreme and Appellate Courts of Indiana that the estate of a decedent cannot be a party to an action without a representative. The mere naming of the estate as the party appellee is insufficient, as an estate is not a legal entity. The effect is the same as if no party appellee had been named in the assignment of errors.

 However, this does not necessarily mean that the action should be automatically dismissed. Fed.R.Bankr.P. 7017/Fed.R.Civ.P. 17(a) states in pertinent part:

> **(a) Real Party in Interest.** Every action shall be prosecuted in the name of the real party in interest.... **No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest;** and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest. (Emphasis added.)

Therefore, prior to this matter being dismissed, the representative of the Estate should be given an opportunity to join in the foregoing action and prosecute it accordingly.

IT IS THEREFORE ORDERED that the Defendant's motion to dismiss pursuant to Fed.R.Bankr.P. 7012/Fed.R.Civ.P. 12(b)(1) is denied.

IT IS FURTHER ORDERED that as to the Defendant's motion to dismiss pursuant to Fed.R.Bankr.P. 7012/Fed.R.Civ.P. 12(b)(1), the representative of the Estate of John F. Valich shall have thirty (30) days from the date of entry of this Order to file a motion to substitute him/her/it as the proper party-in-interest as the plaintiff, which motion will be summarily granted if the motion establishes the due and proper appointment of the Estate's representative. In the absence of such motion, this case shall be dismissed with prejudice.